JACKSON, *ex dem.* BAIN and VAN SLYCK, *against* PULVER and another.

Where A. a tenant in possession, by writing, under his seal, surrendered the possession and premises to the lessor in an action of ejectment, and all right, &c. to have and to hold to the lessor and his heirs and assigns for ever, *provided* such lease should be accepted by the lessor, as a full discharge for all lands, claimed of A. by the lessors under the ejectment, &c. It was held, that admitting the full discharge of claim mentioned in the proviso, to amount to a sufficient consideration, and that the deed contained words sufficient to pass a fee, yet it was void, and no bar to A.'s title, unless the lessors showed a valid discharge, which could not be by parol, or by mere implication, arising from the fact of possession of the deed.

THIS was an action of ejectment, for land in *Kinderhook.* The cause was tried at the last *Columbia* circuit, before Mr. Justice *Thompson.*

The plaintiff gave in evidence a deed from *Dierck Gardenier* to *Peter W. Van Buren,* dated *November* 8, 1779; a deed for the same premises from *Van Buren* to *Cornelius Van Schaack,* dated *March* 29, 1782; a deed from *Van Schaack* to *Tobias Van Slyck,* dated *July* 20, 1784; and a deed from the latter to *Samuel* and *Dierck Van Slyck,* dated *August* 26, 1784; and a deed from the latter to *Samuel Van Slyck* the lessor, dated *May* 1, 1786. The plaintiff also proved, that the premises in question were included within the boundaries of the land set forth in the deeds; that *Pulver,* one of the defendants, and *Samuel Van Slyck,* one of the lessors, were tenants in common, and made a partition deed between them, dated *February* 25, 1801, in which *Pulver* acknowledged himself a tenant in common of the premises in ques-

tion, and released and conveyed them to the said lessor.

The defendant offered in evidence a deed or instrument, as follows:

"SUPREME COURT: *James Jackson, ex dem. Jacobus Van Deuryen and others,* against *John Stiles and Samuel Van Slyck, tenant.* I, *Samuel Van Slyck,* tenant in possession of the premises claimed by the lessors of the plaintiff in the action of ejectment, being two lots of land lying north of the road leading from *Kinderhook* landing to the towns of *Chatham* and *Canaan,* and west of a road leading from the said road to the *Fish Lake,* as the said lots have lately been, and now are, in my possession, do hereby *surrender* to the lessors of the plaintiff the *possession of the above described premises, and all my right and title to the same.* To have and to hold to them and to their *heirs and assigns for ever.* As witness my hand and seal, this twenty-third day of *November,* 1805.

(Signed) " *Samuel Van Slyck.* (L. S.)

" Provided nevertheless, that the above *release* is accepted by the lessors of the plaintiff, *as a full discharge of their claim on me* for all *lands claimed* by them *under the said ejectment,* except a small piece of land lying north-east of the house of *Moses Gillet,* about which there has lately been a controversy between the said *Moses Gillet* and me, which exception last mentioned is not to affect my right to the premises last mentioned.

(Signed) " *Samuel Van Slyck.*" (L. S.)

This evidence was objected to, and overruled by the judge; and a verdict was taken for the plaintiff, subject to the opinion of the court on the legal effect of the deed so offered in evidence.

*Foot* and *Van Vechten,* for the plaintiff. The lessors made out their title by deed, and the only question is,

NEW-YORK,
October, 1811.

JACKSON
v.
PULVER.

whether the defendants have shown any thing to maintain. their right of possession. The instrument or deed offered in evidence by them, cannot be classed among any of the common law conveyances. There are no granting words in the instrument. It is nothing more than a *surrender* of the possession. *Surrender* is not a word of common law conveyance.\* It is not a bargain and sale. There must be a valuable consideration to give effect to a bargain and sale, under the statute of uses.† It may be said, perhaps, that the *proviso* contains a sufficient consideration. But the proviso constitutes a separate and distinct contract; and if the surrender or conveyance was void, it could not be made good by a subsequent contract. A proviso cannot operate as a' consideration;‡ but, in fact, it contains no consideration to support a conveyance.

\* 2 Black. Com. 326. 1 Shep. Touch. 300. 2 Shep. Touch. 513. 2 Black. Com. 338. 1 Bac. Ab. 466. 469 Cru. Dig. tit. 32. ch. 11. sect. 3. 3 Johns. Rep. 484 Willes's Rep. 677. Cro. Eliz. 394. 1 Vent. 137.

† 1 Co. 176.

‡ 2 Shep. Touch. 210.

*Van Buren*, contra. The only question is, whether the deed offered by the defendants is sufficient to prevent the plaintiff's recovery. Courts are disposed to enforce contracts fairly made, so as to prevent, rather than promote litigation. The defendants are not entitled to favour, when they seek to avoid a possession fairly obtained by their own deed, on a mere technical objection.

1. There is no established *formula* of words, which are essential to the transfer of property, or a valid conveyance. It is enough, if it appears on the face of the deed that it was the intention of the parties to transfer the property. Deeds are to be construed, as much as possible, according to the intention of the parties,§ without regard to the precise form of words. Thus the words "limit and appoint" have been held sufficient to pass a fee. In the case of *Jackson, ex dem. Hudson and Chapman*, v. *Alexander and others*,¶ this court held that the words "make over and grant," were operative to convey land. Yet those are not words of common law conveyance.

§ 10 Mod. 40, 41. 47. 3 Atk. 135. 1 Massa. Rep. 219. 3 East, 115. Allen, 41 1 Co. Litt. 70. 5 Term Rep. 129. 310.

¶ 3 Johns. 484.

2. In the case of *Jackson*, *ex dem. Hudson and Chapman*, v. *Alexander and others*, the subject of consideration in a deed was fully discussed; and it was there held that the words *value received* imported a sufficient consideration. A mere nominal consideration is sufficient to give validity to a deed. In *Stephens* v. *Bateman*,* the court of chancery, in *England*, refused to set aside a deed entered into for the sake of settling a controversy, merely because the consideration was insufficient. The consideration need not be set forth in the deed; it may be averred and proved by parol, at the trial.

Again, here was a release or discontinuance of all claim, which is an adequate consideration. It was, in fact, a mutual release, which implies a sufficient consideration.

In the construction of a deed, the whole instrument is to be taken together. The *habendum* will serve to explain, enlarge or abridge the *premises*.† In *Goodtitle* v. *Bailey*,‡ Lord *Mansfield* declared, " that the rules established for the construction of deeds were founded in law, reason, and common sense ; that deeds shall operate according to the intention of the parties, if by law they may ; and if they cannot operate in one form, they shall operate in that which, by law, will effectuate the intention." In that case, a release was construed to operate as a grant of the reversion, so as to give effect to the intention of the parties.§

Again, if this was a deed of *surrender*, it required no consideration. It is good between the parties, though it may be void in regard to third persons.¶ It must operate, then, as a good surrender against the lessor, who is estopped, by the deed, to say it is not a surrender.

*Per Curiam.* The single question in this case, is, as to the validity of the deed offered by the defendants. If that be of no force, the lessors of the plaintiff must recover. The deed does not contain, upon

---

NEW-YORK,
October, 1811.

JACKSON
v.
PULVER.

* 1 *Bro. Ch. Cas.* 22.

† *Cruise's Dig.* tit. 32. ch. 22. sect. 43—55.
‡ *Cowp.* 897.

§ *Cruise's Dig.* tit. 32. ch. 22. sect. 20, 21.

¶ *Co. Litt.* 338. b.

NEW-YORK,  the face of it, any evidence of a consideration, and none
October, 1811.  was offered in proof. But as it was executed upon the
HERRICK  condition of being accepted " as a full discharge of the
v  claim on the grantor for lands," &c. the discharge of the
BENNETT.  claim may, perhaps, be considered as the consideration.
There is, however, an insurmountable difficulty in this
view of the question. There was no evidence on the
part of the defendants, that the grantees had discharged,
or offered a discharge of such claim. No valid dis-
charge of a valid claim to lands can be made by parol,
or by mere implication arising from the fact of the pos-
session of the deed. The deed, therefore, is of no force,
as a bar to the plaintiff's title, even if it should be ad-
mitted that the granting words were sufficient to convey
a fee.

Judgment for the plaintiff.