Adams *v.* Wadhams.

———— • ○ • ————

MYRON ADAMS and MARCUS ADAMS *vs.* JONATHAN WAD-
HAMS, impleaded &c.

One who takes an assignment of the interest of the vendee in a contract for the sale and purchase of land, and enters into possession, is not personally liable to pay the moneys thereafter to become due on the contract, without an *agreement* to pay them, express or implied.

But where, by the terms of the written agreement by which a vendee assigned his interest in the contract to another, the assignee expressly agreed to "assume the payment of a claim of $312 and interest, to the heirs" of the vendor; *Held* that it was fairly to be presumed that the claim thus referred to was the purchase money unpaid upon the contract; it not appearing that the vendee was otherwise indebted to the vendor, or his heirs. And that upon such promise the heirs of the vendor, might maintain an action against the assignee, and recover the amount which he had agreed to pay.

Where the contract of sale expressly provides that all payments shall be made previously to the execution of the deed, it is not necessary for the vendor to convey, or offer to convey, before bringing suit.

THIS is an action upon a contract for the sale of lands in the town of Ogden, in the county of Monroe, executed between Abner Adams, of the first part, and John L. Green, of the second part, dated November 5, 1847. The complaint, after alleging the execution of the contract, sets forth the decease of Abner Adams in the year 1848, and that he left a will whereby he devised the lands in question to the respondents, and made Myron Adams his executor. The com-

plaint states that Green entered into possession, and afterwards sold and assigned all his interest in the contract to the appellant Wadhams, and demands judgment against Green and Wadhams for any amount which may be found to be due upon the contract. Upon the trial, after proof of the contract and the facts of the decease of Abner Adams, and of his will, the respondents, under objection from the appellant, proved and read in evidence an instrument between Green and Wadhams, dated April 20, 1855, whereby the former transferred to the latter all his interest in said contract, and whereby the latter, in consideration thereof, agreed, among other things, "to assume the payment of three (hundred?) and twelve dollars and interest from the first day of January, 1855, to the heirs of Abner Adams." This action was brought for the last instalment due upon the contract. For the previous instalments a judgment had been obtained against Wadhams, by the executor of the vendor, which was paid by the defendant therein. The referee, before whom the cause was tried, reported in favor of the respondents, and ordered judgment against Green and Wadhams for $160.55, and costs. From that judgment Wadhams appealed.

*Geo. G. Munger,* for the appellant.

*D. C. Hyde,* for the respondents.

*By the Court,* JAMES C. SMITH, J. It seems to me difficult, upon the facts found by the referee, to sustain his conclusion that the defendant Wadhams is personally liable for the amount unpaid on the contract between his co-defendant Green and Abner Adams. He finds, simply, that in April, 1855, Wadhams took from Green an assignment of his interest in the contract, and thereupon entered into and continues in possession of the premises. He does not find that Wadhams *agreed* to pay the moneys thereafter to become due on the contract; and without an agreement to that effect, express

or implied, I do not think he would be liable to pay them. (*Stebbins* v. *Hall*, 29 *Barb.* 524. *Belmont* v. *Coman*, 22 *N. Y. Rep.* 438.)

But on looking into the evidence, it appears that by the terms of the written agreement by which Green assigned his interest in the contract to Wadhams, the latter expressly agreed to assume the payment of a claim of $312 and interest from the 1st day of January, 1855, to the heirs of Abner Adams." It is perhaps fairly to be presumed that the " claim" thus referred to, was the purchase money unpaid upon the contract, as it does not appear that Green was otherwise indebted to Adams or his heirs. Upon this promise the plaintiffs, who are the sons of Abner Adams and for aught that appears his *only* heirs, may maintain an action against Wadhams. (*Lawrence* v. *Fox*, 20 *N. Y. Rep.* 268. *Burr* v. *Beers*, 24 *id.* 178.) Their right to recover is limited, however, to the amount which Wadhams agreed to pay, and from that should be deducted all payments which he has since made thereon, or upon the judgment which was proved before the referee. Thus modified, I think the judgment below should be allowed to stand; but unless the plaintiffs consent to reduce it in accordance with the foregoing directions, it should be reversed, so far as it charges Wadhams personally, and as to him there should be a new trial.

The plaintiff's right of action, to this extent, is not affected by the judgment recovered by the executor of Adams against Wadhams, for the reason that at the time when the suit was commenced in which that judgment was obtained, the last instalment, which is all that the plaintiff now claims to recover, had not become due, and therefore was not merged in the judgment. The judgment, which was taken by default, was unintentionally docketed for a larger sum than was due when the suit was commenced, but the error was afterwards rectified by mutual consent; the defendant paid the correct amount, and the judgment was discharged by the return of an execution satisfied in full. I see no valid legal objection

to his paying the balance of the sum assumed by him in his contract with Green.

As the contract expressly provides that all payments shall be made previously to the execution of a deed, it was not necessary for the plaintiffs to convey, or offer to convey, before bringing suit.

Ordered, that judgment be reversed, unless the plaintiffs consent to reduce it in accordance with the above directions.

[Monroe General Term, December 1, 1862. *Johnson, J. C. Smith* and *Welles,* Justices.]