## NICHOLAS E. PAINE, RESPONDENT, *v.* THOMAS BROWN, APPELLANT.

*Condition precedent—Tender, not necessary when it is an idle ceremony—Contract—Construction.*

The law does not impose upon a party the duty of performing an idle ceremony. When it appears in evidence from the party claiming that a tender should have been made to him, that he would not have accepted it if made, to insist that a tender should have been made by the other party is to insist upon an idle ceremony, which the law will not require.

*T. R. Strong* for Appellant.

*Geo. C. Munger* for Respondent.

DAVIES, CH. J.—The Plaintiff, as assignee of one Calvin T. Chamberlain, brings this action to recover the sum of $2,000, being the amount of the first payment to be made upon a contract for the sale by Chamberlain, and the purchase by the Defendant, of one-fifth of the Indiana Central Canal.

The contract was in these words: " Memorandum of an agreement. C. T. Chamberlain agrees to sell, and convey by deed of release, to Thomas Brown, one-fifth part of the Central Canal in Indiana, north of Morgan county, for the sum of ten thousand dollars; and the said Brown agrees to purchase the same, and pay that sum therefor; two thousand dollars are to be paid in July next, and the balance in one and two years, with interest from the first of May next.

" This contract is to be put in form in course of this month, at Rochester, N. Y. If Joseph Robinson does not take a fifth of said canal, in pursuance of his verbal agreement, said Brown is to have one quarter of said canal at same rate, to wit: for $12,500, and payments as above.

                                " C. T. CHAMBERLAIN. [L. s.]

                                " THOMAS BROWN.     [L. s.]

" Indianapolis, March 12, 1859."

The first payment called for by said contract not having been

made, this action was brought in November, 1859, to recover the same, with interest thereon from May 1, 1859.

The jury found a verdict for Plaintiff, and the exceptions taken were directed to be heard, in the first instance, at the General Term, which gave judgment for the Plaintiff; and the Defendant now appeals to this Court.

When the Plaintiff rested his case the Defendant moved for a non-suit upon these grounds:

1. The contract in suit appears upon its face to be incomplete, and does not purport to be a contract of purchase and sale between the parties, but an agreement for a contract.

2. The Plaintiff has not shown any performance, or offer to perform, within the time limited by the agreement, or at any other time.

3. The deed tendered or offered in July is not in accordance with the contract. It varies from the contract in the description of the property, and in the estate which it purports to convey.

The Court charged the jury, amongst other things, that the contract of the 12th of March, 1859, was complete in itself, and that it was not necessary for the Plaintiff to tender, or offer to enter into, any further contract, or tender any conveyance within the time specified in the contract for putting the same in form at Rochester, N. Y., and that it was sufficient if he tendered a conveyance in the month of July following, when he required payment of the $2,000, to be paid in that month. To this part of the charge the Defendant's counsel excepted.

The Judge also charged the jury that, inasmuch as the Defendant did not, when the deed was offered to him in July, insist upon a more complete contract, he must be deemed to have waived it; and it must be considered that he was satisfied with the contract as it was.

To this part of the charge the Defendant's counsel excepted.

The Judge also charged the jury that the tender in July, as proved in the case, was a sufficient tender; and to this part of the charge the Defendant also excepted.

In the view we take of this contract, no obligation was im-

posed upon the Plaintiff, or his assignor, to tender any convey-
ance as a condition precedent to his right to demand the sum of
$2,000, to be paid, by its terms, in July, 1859.    And it was, in
this aspect of the case, wholly immaterial whether the tender of a
conveyance made in July, 1859, was or was not sufficient.

If no tender of any conveyance was called for by this contract
before the sum of $2,000 therein mentioned was demandable and
payable, it follows that no question of the sufficiency of the ten-
der made could legitimately arise.

We think the Judge did not err in telling the Jury that it was
not necessary for the Plaintiff, before he could properly demand
the payment of the said sum of $2,000, to tender, or offer to enter
into, any further contract with the Defendant, in respect to the
subject-matter of the contract.

The Plaintiff by his act affirmed the contract and its sufficiency
to compel him to sell and convey the subject-matter therein men-
tioned.

By the terms of the contract, it, that is, "this contract," was to
be put in form in the course of the month of March, 1859.

It did not appear that either party desired the contract to be
put into any other or a different form, either within the time spe-
cified therein, or at any other time.

Neither did the Defendant assume any such ground, when call-
ed upon in July, 1859, to fulfil said contract on his part.

On the contrary, he utterly denied any obligation resting on
him, arising from said contract.

He told the Plaintiff that he did not want any deed, nor
anything to do with the property.

"I told him I did not want any deed, nor anything to do with
the property.   I said they had not lived up to their contract, and
I considered the whole matter a swindle."

These acts and declarations of the Defendant conclusively de-
monstrate that it would have been an idle ceremony on the part
of the Plaintiff, either to have tendered a conveyance to the De-
fendant, or to have tendered, or offered to enter into, any further
contract.

It is very manifest that the Defendant did not desire a more complete contract, and that, so far as its terms and provisions, and form, were concerned, he was perfectly satisfied with it.

Even if such a tender was requisite, these acts and declarations of the Defendant show that any such tender would not have been accepted, and the law does not impose upon a party the duty of performing an idle ceremony (Slingerland *v.* Morse, 8 John. 370 ; Dyckman *v.* Mayor of N. Y., 7 Barb. 498).

But as already observed, no tender of any conveyance was required by the terms of this contract as a condition precedent, to demand the sum of $2,000 which, by its express terms, was payable absolutely in the month of July, 1859.

Where, by the terms of a contract, it was provided that all payments should be made previously to the execution of a deed (and this contract in substance provides the same thing), it was held by the Supreme Court, that it was not necessary for the Plaintiff to convey, or offer to convey, before bringing suit, even for the last instalment (Adams *v.* Wadhams, 40 Barb. 225).

By the terms of this contract, Chamberlain, the assignor of the Plaintiff, bound himself to sell and convey, by deed of release, the property described, to the Defendant, for the sum of ten thousand dollars; and the Defendant agreed to purchase the same, and pay that price therefor.

No time was fixed by the contract for the conveyance of the property, but the Defendant was to pay two thousand dollars of the purchase money in the month of July, 1859, and the remainder in one and two years, with interest from May 1st, 1859.

This case is not unlike that of Pordage *v.* Cole (1 Saund. Rep. 319), and is clearly within the doctrine there settled. That was an action of debt on specialty for £774 15s. The agreement was in these words:

"11 May, 1668. It is agreed between Doctor John Pordage and Basset Cole, Esquire, that the said Basset Cole shall give unto the said Doctor £775 for all his lands, with Ashmole House, thereunto belonging, with the brewing-vessels as they are now remaining in the said house, and with the malt-mill and wheelbarrow.

In witness whereof we do put our hands and seals : mutually given as earnest in performance of this 5s.; the money to be paid before midsummer, 1668; all other moveables, with the corn upon the ground, excepted."

There was a demurrer, and it was contended on the part of the Defendant, that if by one single deed two things are to be performed, namely, one by the Plaintiff, and the other by the Defendant, if there be no mutual remedy, the Plaintiff ought to aver performance on his part, and, in this case, it was a condition precedent which ought to be performed before the action brought.

"But it was adjudged by the Court that the action was well brought, without an averment of the conveyance of the land, because it shall be intended that both parties have sealed the specialty. And if the Plaintiff has not conveyed the land to the Defendant, he has also an action of covenant against the Plaintiff upon the agreement contained in the deed, which amounts to a covenant on the part of the Plaintiff to convey the land; and so each party has a mutual remedy against the other."

Sergeant Williams, in his learned note to this case, says : "It is to be observed that covenants are to be construed to be either dependent or independent of each other, according to the intention and meaning of the parties, and the good sense of the case ; " and that "in order to discover that intention, and learn with some degree of certainty when performance is necessary to be averred in the declaration, and when not, it may not be improper to lay down a few rules:

"1. If a day be appointed for payment of money, or part of it, or for doing any other act, and the day *is* to happen, or *may* happen, *before* the thing which is the consideration of the money, or other act, is to be performed, an action may be brought for the money, or for not doing such other act before performance; for it appears that the party relied upon his remedy, and did not intend to make the *performance* a condition precedent; and so it is where *no time* is fixed for the performance of that which is the consideration of the money or other act." And he adds : "This seems to be the ground of the judgment in this case (Pordage *v.*

Cole), the money being appointed to be paid on a fixed day, which might happen before the lands were or could be conveyed.

" But, 2. When a day is appointed for the payment of money, &c., and the day is to happen after the thing which is the consideration of the money, &c., is to be performed, no action can be maintained for the money, &c., before performance.

" 3. Where a covenant goes only to a part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the Defendant, without averring performance in the declaration.

" 5. Where two acts are to be done *at the same time*, as where A covenants to convey an estate to B, on such a day, and in consideration thereof B covenants to pay A a sum of money on the same day, neither can maintain an action without showing performance of, or an offer to perform his part, though it is not certain which of them is obliged to do the first act."

To the same effect see Campbell *v.* Jones (6 Term Rep. 570).

The principles here enunciated have received the approval of the Courts of this State in the following cases : (Robb *v.* Montgomery, 20 Johns. 15 ; Tompkins *v.* Elliot, 5 Wend. 496 ; Harrington *v.* Higgins, 17 Wend. 376 ; Evans *v.* Harris, 19 Barb. 416 ; Grant *v.* Johnson, 1 Seld. 247).

In Robb *v.* Montgomery (supra), the Supreme Court said : " Where the payments are to precede the conveyance, it is no excuse for non-payment that there is not a present existing capacity to convey a good title, unless the one whose duty it is to pay, offers to do so, on receiving a good title, and then it must be made to him, or the contract will be rescinded. Here the Defendant never offered to pay, and never demanded a conveyance ; and, therefore, it furnishes no bar to the suit, that, at a certain period, the Plaintiff had not the title."

In Grant *v.* Johnson (supra), the question was whether the Plaintiff could sustain an action for the second installment of the purchase money secured by the agreement, without averring and

proving the delivery, or an offer to deliver a deed of the premises.

The Court said: " The parties have declared that certain payments were to be made, and certain acts performed by them respectively, at the times specified in the agreement. They must be held to have intended the performance of these acts, when, and of course in the order of time indicated in their covenants."

So in the case at bar, the covenants to pay the purchase money in the installment mentioned were all independent of, and intended by the parties to precede the actual conveyance of the property described.

The covenant to pay the two thousand dollars in July, 1859, was independent of and to precede any act to be done or performed by the assignor of the Plaintiff.

Upon the Defendant's breach, an action accrued to the assignor of the Plaintiff, and no sufficient defence was interposed.

These views conclusively show that the exception to the charge of the Judge to the jury, was properly overruled, and that the Plaintiff was entitled to judgment upon the verdict.

The judgment appealed from should be affirmed.   All concur.
Affirmed.

<div align="right">

JOEL TIFFANY,
State Reporter.