“ Speir, J.
The plaintiffs seek to recover taxes, *182 Croton water rates, and ground-rent, under a lease made by the plaintiffs of premises in White street in this city, the lease having twenty-one years to run from May 1, 1867.
‘ ‘ It was admitted on the trial that default had been made in the conditions of the lease, as to the payment of taxes, water-rates and ground-rent, and that the defendants had been dispossessed for non-payment of rent, by summary proceedings, under the provisions of the Revised Statutes.
“The defendants by their answer set up a counterclaim for half the value of the building erected by them on the demised premises, and claim that they were entitled to the same under the covenants in the lease, and sought to -prove by a witness the value of the building at the time the dispossession warrant was issued, to which testimony the plaintiffs’ counsel objected, and claims that such testimony was not admissible.
“Under the covenants in the lease the payment of half the value of the building cannot be called for until the expiration of the term of years granted by the lease, May 1, 1888. The language of the covenant is, ‘ At the expiration of the aforesaid term the building on the premises, &c.,’ and after setting forth the manner of the appraisement, proceeds, ‘ upon payment of one-half of such appraised value of said building,’ the building should belong to the party of the first part. It is therefore plain that the phrase, ‘ aforesaid term,’ means the term hereby granted,' which is the term of twenty-one years, and until that date the defendants can have no right of action for one-half the value of the building.
‘ ‘ Again, the lessees cannot ask for payment of their building without performing all the covenants on their part which rest upon precedent conditions, even though the time of payment had arrived. They had omitted to *183 pay the taxes, water-rates, and ground-rent at the time of the commencement of the action to recover their value (People’s Bank v. Mitchel, 73 N. Y. 406). Nor, under the decisions, is it necessary that the lease in words should make the payment for the value of the building conditioned upon the performance of the covenant. It is sufficient if from the lease acts are to be performed by one party in order of time previous to the performance of the acts of the other party ; the doing of the first act is a condition precedent to compel the performance of the latter (Id.; Paine v. Brown, 37 N. Y. 228).
Edward Van Ness, for appellants.
M. S. Thompson, for respondents.
“ I cannot see that there are any covenants existing under the lease, which the defendant may enforce. The summary proceedings under the statute ‘can-celled and annulled ’ the lease, default was made, and the plaintiff, &c., entered.
‘ ‘ The lessors were under no obligation either to buy the building for half cost, or to give a new lease for twenty-one years. It was optional for them to do either. The tenants were not prohibited from removing the building if the lessors did not buy.
“The building was not erected at the time of the demise, and the covenant relating to its purchase was simply a personal one between the parties, and did not run with the land and could not be enforced by the defendant, but by the original lessees.
■“The plaintiff’s objection to the admission of the testimony is sustained:”
The court rejected the counter-claim and gave judgment for the plaintiffs for the amount sued for, and the defendants appealed.
By the Court.—Freedman, J.
The counter-claim of the defendants for one-half the value of the building *184 was properly rejected. The reasons assigned by the learned judge below for this ruling are satisfactory and sound.
As-to the counter-claim for hoisting apparatus, steam and gas pipes, &c., no testimony was offered.
This leaves for consideration the evidence introduced by the plaintiffs in support of their claims under the lease, and upon a careful examination of it, I have reached the conclusion that it proved the liability of the defendants as assignees of the lease for alT the; items claimed by the the plaintiffs except the rent of $750, which fell due November 1,1879, and the taxes for 1879, which were not confirmed until October 17,1879,. and then amounted to $1,492.25.
As to these two items the defendants sufficiently established as a defense that on August 21, 1879, they assigned the lease to Theron A. Bingham. Whatever defect there was in that assignment, by reason of the insufficient acknowledgment of the instrument, as to Althea Schmid, was cured by her subsequent deed of confirmation, executed October 23, 1879, and its relation back to the time of the execution of the assignment, ánd even without that the assignment in any event passed the interest of her co-defendants. Aside from the defect stated, nothing was elicited showingthat the assignment was invalid. There was nod sufficient evidence to warrant a finding, and the judge did not find that it was fraudulent, colorable or-fictitious. What-then is the legal effect which should be given to it in this action ?
The liability of the assignee to perform the covenants, of the lease depends wholly on the privity of estate which is established by the assignment of the lessee’s-whole interest to the assignee, followed by actual possession. But since there is no privity of contract between the lessor and assignee, the privity of estate may, at any moment, at the option of the assignee, be severed *185 by assigning over, and possession is presumed to follow the assignment to the new assignee. Attornment is not required. The objects or motives of the assignment, or the character of the new assignee, do not concern the lessor, as he has the lessee still liable upon all the covenants. The decision of the general term of the supreme court in the recent case of Tate v. McCormick (28 Hun, 218), is expressly to this effect, and no sufficient reason has been assigned why that decision should not be followed.
The judgment appealed from should therefore be modified, by deducting therefrom the amount allowed therein for principal and interest for the quarter’s rent due November 1, 1879, and for the taxes of 1879, and as thus modified it should be affirmed, without costs to either side on this appeal.
Sedgwick, Ch. J., and Russell, J., concurred.