(63 Misc. Rep. 352.)

## LOEFFLER v. BLEIER.

(Supreme Court, Appellate Term.　May 27, 1909)

1. VENDOR AND PURCHASER (§ 303\*)—ACTIONS FOR PURCHASE MONEY—CONDITIONS PRECEDENT.

One who has agreed to convey land upon payment of the whole contract price can recover installments due without first tendering the deed, though he has mistakenly elected to declare the whole amount due, there being nothing in the contract authorizing such election.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 303.\*]

2. VENDOR AND PURCHASER (§ 314\*)—ACTIONS FOR PURCHASE MONEY—PLEADING.

A vendor of land, suing for the whole contract price, may recover installments due, though the proof shows that only a part was due.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 314.\*]

3. VENDOR AND PURCHASER (§ 314\*)—ACTIONS FOR PURCHASE MONEY—ISSUES AND PROOF—VARIANCE.

Where the proof in support of a complaint asking for the whole contract price of land shows that only a part is due, and the defendant has answered the complaint upon the correct theory as shown by the proof, the variance is immaterial.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 314.\*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by George E. Loeffler against Ben Bleier. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Sternberg, Jacobson & Pollock, for appellant.
William P. Schoen, for respondent.

LEHMAN, J.　The complaint herein alleges that on the 22d day of July, 1908, the plaintiff and defendant entered into an agreement in writing wherein and whereby the plaintiff agreed to sell to defendant certain premises in Suffolk county, N. Y., and the defendant agreed to pay the purchase price of $245, and that upon the payment of the said sum of $245 plaintiff agreed to deliver a deed of the property. The complaint further alleges that the plaintiff had complied with all the conditions of the contract, and there was due under the contract to the plaintiff the sum of $235. The defendant's answer set up a general denial, liquidated damages, and a partial defense that the contract was for payment in monthly installments, and that only $60 was then due, and that the action was prematurely brought as to all but $60 thereof.

At the trial the plaintiff introduced the contract in evidence, testified that only $10 was paid thereon, and that he was ready, able, and willing to give a deed of the premises. The defendant put in no evidence, and the trial justice dismissed the complaint, stating that, while the

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contract contained no clause for liquidated damages, the plaintiff had failed to show a cause of action, since he could not sue for the whole purchase price without first tendering a deed, citing Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362, and cases therein cited. The trial justice was correct in holding that, if all the installments under the contract were due, plaintiff could not, under the authority of that case, recover without tender; but in this case it clearly appears that all the installments were not due, and, since the contract contains no clause giving the vendor an option to consider all installments due upon a default in the payment of particular installments, the plaintiff had no election by which he could make those installments due. That he mistakenly attempted to exercise such an election is immaterial.

No tender was, therefore, necessary to sustain a cause of action for the installments then due. The sole question, therefore, in this case, is whether under the pleadings and proof in this case the court should have dismissed the complaint, or only sustained the partial defense of the answer. The complaint herein has set forth a good cause of action, and, though the proofs do not sustain the plaintiff in his full claim, yet a recovery should be allowed for such amount as was actually due. McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208.

Even though it be urged that, in view of the fact that the complaint asks for the whole contract price and the proof shows that only a part was due, there is a variance between the allegation of the pleading and the proof, the court would be obliged to disregard the variance as immaterial, because the defendant has answered the complaint upon the correct theory as shown by the proof, and has, therefore, not been misled. The trial court should therefore have given judgment to the plaintiff for the sum of $60, with appropriate costs.

Judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.