## MIRIAM ESTATES v. HUNOLD.

### (Supreme Court, Appellate Term.    April 14, 1911.)

VENDOR AND PURCHASER (§ 302*)—PAYMENT OF PRICE—RECOVERY OF INSTALL-
MENTS.

An action at law lies to recover intermediate installments of the price
of real estate before the tender of the deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §
845; Dec. Dig. § 302.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth Dis-
trict.

Action by the Miriam Estates against George W. Hunold.    From a
judgment for defendant, rendered by a judge of the Municipal Court,
plaintiff appeals.    Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Sternberg, Jacobson & Pollock, for appellant.
Edwin G. Davis, for respondent.

BIJUR, J.    This action was brought by plaintiff to recover five
intermediate installments, of $10 each, payable monthly, on the pur-
chase by defendant from plaintiff of a lot.    The total purchase price
was $200, and defendant had already paid $30.

Respondent (defendant) contends that plaintiff is not entitled to re-
cover at law what he calls the "purchase price" of real estate until a
deed has actually been tendered or delivered, intimating that plaintiff's
remedy may lie in equity for specific performance.    It is true that
there is some conflict in the authorities on that point.    Cong. Beth
Elohim v. Central Presb. Church, 10 Abb. Prac. (N. S.) 484, 494,
500, and the cases which follow it indicate that a recovery for such
a cause of action cannot be had at law.    Richards v. Edick, 17 Barb.
260 (disapproved in the case last cited, but cited with approval in
the Court of Appeals, Beckrich v. City of North Tonawanda, 171
N. Y. 292, 299, 64 N. E. 6), is to the contrary effect.

But, regardless of the conflict, it is apparent that these cases have
reference only to an action brought to recover the entire purchase
price, and that the reasoning would not apply to one to recover mere
intermediate installments.    Suits to recover the latter before tender of
the deed are expressly approved in Paine v. Brown, 37 N. Y. 228; Eddy
v. Davis, 116 N. Y. 247, 22 N. E. 362; Loeffler v. Bleier, 63 Misc.
Rep. 352, 117 N. Y. Supp. 163; Loeffler v. Snyder, 65 Misc. Rep. 62,
119 N. Y. Supp. 152.

Judgment reversed, and new trial ordered, with costs to appellant
to abide the event.    All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes