Samuel I. Epstein, Plaintiff, *v.* Rose Gluckin and Another, Defendants.

(Supreme Court, Kings Special Term, November, 1919.)

Specific performance — may be brought by assignee of vendee — contracts.

An action to compel specific performance of a contract for the sale and purchase of real estate may be brought by the assignee of the vendee.

Action to compel the specific performance of a contract.

Louis B. Boudin, for plaintiff.

Milton C. Weisman, for defendants.

FABER, J. The defendant Rose Gluckin authorized the making of the contract in question. She knew the contract had been executed by her husband and was familiar with all the dealings between her husband and the plaintiff's assignors and knew the plaintiff was the purchaser and ratified the contract. She cannot escape the duty of specifically performing her part of the contract by claiming that the plaintiff, as assignee of the vendees, has no right to ask such performance because the contract is unilateral. The contract is not unilateral. On the contrary, it is in the usual form of a contract for the sale and purchase of real estate. Counsel for the defendants argues that an assignee of a vendee in a contract for the sale and purchase of real estate cannot in any case have specific performance. With this contention I am unable to agree and can find nothing in the authorities cited by him which sustains such contention. The case of *Genevetz* v. *Fiering,* 136 App. Div. 736, cited by counsel as being " on all fours with the one at bar and absolutely controlling," is readily distinguishable. In that case it was found that there was no assumption on the part of the plaintiff of the obligation to purchase, while here there is some evidence that the plaintiff has so assumed and here the defendant accepted the assignee in place of the vendees. The case of *Hugel* v. *Habel,* 132 App. Div. 327, cited in the *Genevetz* case and also relied upon by defendants' counsel, is an authority for the proposition that a vendor cannot compel specific performance at the hands of the assignee of the vendee unless there was

a novation, and it holds that the remedy by the vendor against the assignee of the vendee was *in rem* rather than *in personam,* and the court further held that the assignment by the vendee to Hugel neither bound him to nor released Harris, the vendee, from the obligation of the contract.  All it did was to entitle *Hugel, the assignee, to demand and receive performance ˙of the contract by Habel.*  Hugel never agreed in writing to pay the purchase money, and, therefore, he could not be compelled to specifically perform.  For specific performance defendant must look to Harris.

It is well settled that a vendor cannot have specific performance against his vendee's assignee; although he has paid part of the consideration, it is optional with the assignee whether or not to complete the contract (36 Cyc. 760; *Forbes* v. *Reynard,* 46 Misc. Rep. 154), and it is also well settled that the person to whom the vendee has assigned the contract may sue in his own name to specifically enforce the vendor's contract to convey, regardless of any privity of contract between the parties necessary to a suit at law.  36 Cyc. 758; *Dodge* v. *Miller,* 81 Hun, 102.

In the absence of express agreement the assignee of a personal contract is not liable on the covenants of his assignor. *Adams* v. *Wadhams,* 40 Barb. 225; *Heinze* v. *Buckingham,* 42 N. Y. St. Repr. 427; *Suydam* v. *Dunton,* 84 Hun, 506; *Comstock* v. *Hitt,* 37 Ill. 543; *Smith* v. *Kellogg,* 46 Vt. 560.  In other words, the man who buys a bargain is not obliged to take the benefit of it.

The complaint should, however, be dismissed as to the defendant William Gluckin, as˙ it appears that he was acting only as agent for his wife.

Judgment for plaintiff, with costs.