H. & H. Corporation, Appellant, *v.* Broad Holding Corporation
and Another, Respondents.

Second Department, March 2, 1923.

**Vendor and purchaser — action to recover amount paid on assignment of contract for sale of real property — vendor unable to locate mortgagee and have mortgage satisfied — assignee refused adjournment though vendor offered to deposit amount of mortgage, interest and taxes — failure to clear off mortgage before closing day did not justify arbitrary rejection of title — specific performance may be had against assignee.**

The assignee of a contract for the sale of real property cannot arbitrarily reject the title tendered on the adjourned day for closing, on the ground that a mortgage on the property had not been paid off and satisfied, and recover the amount paid on the assignment, where it appears that the vendor was ready, willing and able to pay off the mortgage but was unable to do so because of its inability to locate the mortgagee; that the vendor offered as a condition of further adjournment to deposit with any trust company the amount due on the mortgage, with six months' additional interest, until satisfaction could be procured, and further offered to deposit with plaintiff or its attorney any amount of taxes or assessments claimed to be liens upon the premises, and that about one month after the adjourned closing day, the vendor procured a satisfaction of the mortgage in question and served written notice upon the assignee, fixing a time and place for closing the title.

Specific performance may be decreed against the assignee of a contract for the sale of real property on a counterclaim by the vendor in an action by the assignee to recover the amount paid on the assignment of the contract.

Appeal by the plaintiff, H. & H. Corporation, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 21st day of November, 1922, denying its motion to strike out a separate defense and to dismiss a counterclaim contained in the amended answer, and also from an order likewise made and entered, granting defendants' motion to bring in an additional party defendant.

*Max Brownstein,* for the appellant.

*Irving S. Ottenberg* [*Charles H. Lott* with him on the brief], for the respondents.

Young, J.:

The action is brought to recover the amount paid on an assignment of a contract for the sale of real property made by the defendant Broad Holding Corporation to plaintiff upon the ground that the vendor in said contract failed to tender a deed of the premises in question free from incumbrances except as provided in the contract.

The complaint alleges the making of the contract in question

dated May 25, 1922, between the vendor, Cochran Construction Company and the defendant Broad Holding Corporation, by which the former agreed to sell and convey to the latter certain premises in Brooklyn; the assignment of said contract by said defendant to plaintiff for $5,250; the deposit of said sum of $5,250 with the defendant Koven, to be held in escrow until the closing of said contract as provided in said assignment; various adjournments of the closing of said contract with the consent and approval of defendants, until September 8, 1922, upon which day it is alleged that plaintiff duly tendered the balance of the purchase money and offered to execute the purchase-money bond and mortgage provided for in the contract and demanded a conveyance in accordance therewith; due performance by plaintiff of all the terms, covenants and conditions, and refusal of the said Cochran Construction Company to perform and its failure to tender a deed conveying the premises free from incumbrances except as provided in the contract, in that on said day the premises were subject to the lien of a mortgage for $17,000, and also subject to taxes and other incumbrances in violation of the contract. The complaint further alleges that plaintiff incurred an expense of $284 for searching and examination of title, and that plaintiff had become entitled to receive from defendants the sum of $5,534 in pursuance of the terms of the assignment, and that plaintiff offered to reassign the contract to the Broad Holding Corporation and demanded payment of said sum, which defendants refused.

The assignment in question provides, " that in the event that the seller shall refuse or is unable to convey title in accordance with the terms of the said contract," the assignor agrees " to return unto the purchaser the said sum of Fifty-two Hundred and Fifty ($5,250) Dollars this day paid to it together with the Title Company charges for examination of title."

The answer in substance denies the vendor's refusal to perform, but admits its failure to tender a deed of the description set forth in the complaint, and that the premises were on the date of closing subject to a mortgage of $17,000 upon which $12,000 remained unpaid. The answer also contains other denials not material, however, for consideration upon this appeal.

For a separate defense and as a counterclaim, the answer sets up the contract and assignment in question and adjournments of the closing until September 8, 1922. It then alleges the existence of the mortgage for $17,000 which was past due, and various efforts of the vendor to locate the mortgagees to pay off the same and procure satisfaction.

It is further alleged that on the day of closing, September 8,

1922, the vendor informed the plaintiff with respect to said mortgage and its efforts to procure satisfaction of the same, and requested a postponement of the closing of title to enable it to procure such satisfaction, and that at said time it was ready, able and willing to pay the balance due on such mortgage, with interest and proper charges and offered, as a condition of such adjournment, to deposit with any trust company the amount due with six months' additional interest until satisfaction could be procured, and further offered to deposit with plaintiff or its attorney any amount of taxes or assessments claimed to be liens upon the premises; that the defendants at said time offered to consent to such adjournment but plaintiff refused to grant same and declared the agreement, so far as the interest of the defendant Broad Holding Corporation therein had been assigned to it, and the agreement between plaintiff and said defendant, abrogated.

The answer further alleges that on or about October 7, 1922, the said vendor procured a discharge of the mortgage in question, and on October 9, 1922, the said vendor and the defendant Broad Holding Corporation served written notice upon plaintiff that the vendor was ready, able and willing to convey the premises in accordance with the contract and fixing a time and place for closing the same, at which time the vendor and defendants attended for that purpose, but that plaintiff failed to attend.

The answer prays dismissal of complaint and specific performance by plaintiff of the contract in question.

The plaintiff thereupon moved to strike out the separate defense and to dismiss the counterclaim for insufficiency, and the defendants moved to bring in the Cochran Construction Company as an additional party defendant. The motions were heard together and resulted in the orders appealed from.

The denial of the motion to strike out the defense was clearly proper. The failure of the vendor to clear off the incumbrances before the adjourned day of closing did not justify the arbitrary rejection by plaintiff of the title. This is clearly the law as between vendor and vendee, and I am unable to see how plaintiff as assignee of the vendee is in any different position in this respect.

As a counterclaim, however, the facts alleged in the answer present a more serious aspect. It has been held that a vendor cannot have specific performance against his vendee's assignee in the absence of an express agreement on the assignee's part to assume the vendee's liability. (*Forbes* v. *Reynard*, 46 Misc. Rep. 154; *Suydam* v. *Dunton*, 84 Hun, 506; *Champion* v. *Brown*, 6 Johns. Ch. 398; *Adams* v. *Wadhams*, 40 Barb. 225; *Hugel* v. *Habel*, 132 App. Div. 327.)

The correctness of this doctrine has not, so far as I can find, been questioned, but on the contrary has been assumed in numerous cases, and specific performance denied to a vendee's assignee because as he was not bound to perform there was an absence of mutuality. (*Genevetz* v. *Feiering*, 136 App. Div. 736; *Schuyler* v. *Kirk-Brown Realty Co.*, 193 id. 269; *Dittenfass* v. *Horsley*, 177 id. 143; affd., 224 N. Y. 560.)

But it has finally been determined by the Court of Appeals that the assignee of a vendee may enforce performance by the vendor. (*Epstein* v. *Gluckin*, 233 N. Y. 490, affg. 109 Misc. Rep. 184.)

In my opinion the doctrine which denies to a vendor the right to enforce performance by the vendee's assignee where such assignee has before suit demanded performance, cannot coexist with that laid down in the case last cited. The obligations of the plaintiff as assignee go hand in hand with the benefits. Having become the assignee in order to compel performance, it thereby subjected itself to the duty of performance. If an assignee of a vendee may compel performance in equity, a reciprocal remedy in the vendor is enforcible against the assignee. If, as stated by Mr. Justice Faber at Special Term in *Epstein* v. *Gluckin* (109 Misc. Rep. 184), it is optional with the assignee whether or not to complete the contract, it would seem that, like any other option, it would become a mutual and enforcible agreement when the assignee availed himself thereof and demanded performance by the vendor, and that either party (vendor or assignee) could then compel performance. (*Carney* v. *Pendleton*, 139 App. Div. 152.) In my opinion, this is the correct rule of law to be applied. The language of Judge Cardozo's opinion in *Epstein* v. *Gluckin* (233 N. Y. 490, 493) supports this conclusion, where he says: " At first the vendor had the obligation of the vendees, and of no one else. The obligation thus imposed has not been lost, but another has been added. Some one has at all times been charged with the duty of performance. The continuity of remedy is unbroken from contract to decree."

The order denying the motion to dismiss the counterclaim was, therefore, proper, and the order bringing in the vendor Cochran Construction Company was necessary in order that all parties might be bound by the decree.

The orders should, therefore, be affirmed, with ten dollars costs and disbursements.

Kelly, P. J., Jaycox, Kelby and Kapper, JJ., concur.

Orders affirmed, with ten dollars costs and disbursements.