JOHN A. LANGEL, Respondent, v. ISIDOR BETZ, Appellant.

Second Department, June 28, 1928.

*Abraham L. Pomerantz,* for the appellant.

*Harry Gittleson,* for the respondent.

CARSWELL, J. Plaintiff, on August 1, 1925, made a contract with Irving W. Hurwitz and Samuel Hollander for the sale of certain real property in Belle Harbor. This contract the vendees assigned to one Benedict, who in turn assigned it to Isidor Betz, the defendant herein. The date for performance of the contract

was originally set for October 2, 1925. This was extended to October 15, 1925, at the request of the defendant, the last assignee of the vendees. The ground upon which the adjournment was had by defendant Betz was that the title company had not completed its search. Upon the adjourned date the defendant Betz refused to perform. The vendor plaintiff was ready, able and willing to do so, and was present at the place specified with a deed, ready to tender it to the defendant who did not appear.

The plaintiff as vendor brought this action against the defendant assignee for specific performance of the contract. Upon the foregoing undisputed facts he has had judgment therefor. The question of law presented has been very ably argued and briefed by both counsel. It seems to have been substantially passed upon by this court when it affirmed an order of the Special Term denying a motion to dismiss the complaint upon the ground of insufficiency. (*Langel* v. *Hurwitz*, 216 App. Div. 822.)

It is not necessary to decide whether the mere taking of an assignment of a contract for the purchase of real property from a vendee subjects the assignee to all the obligations of the vendee under the contract. We have here something more than the mere taking of an assignment. We have the reasonable request by the assignee for the adjournment of the law day, made under circumstances (time was not of the essence) which made it obligatory upon the vendor to grant the request. The request was properly made as a matter of right. The request being reasonable, the vendor was obligated to grant it. This assertion of a right by the assignee under the contract would be the impertinence of a stranger but for the right possessed by defendant as an assignee under the contract. This assertion as of right by defendant under the contract was equivalent in legal effect to the demand for performance of the contract by the assignee before suit in *H. & H. Corporation* v. *Broad Holding Corporation* (204 App. Div. 569). This view is in harmony with the holding and the language of *Epstein* v. *Gluckin* (233 N. Y. 490).

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, KAPPER, SEEGER and CARSWELL, JJ.

Judgment unanimously affirmed, with costs.