# SUPREME COURT.

## THE METHODIST EPISCOPAL CHURCH AT HARLEM agt. THE MAYOR, &C., OF THE CITY OF NEW YORK.

*Assessment of the expense for opening and extending streets under the act of 1813 — The act of 1840 considered.*

The proceedings of the commissioners under the act of 1813, regulating the opening of streets, are judicial, and their report, when confirmed by the supreme court, is final and conclusive and cannot be reviewed for irregularity, mistake or error. The judgment of the court is conclusive as to all questions litigated or which might have been litigated in the proceeding.

An action in equity cannot be maintained to set aside or reduce assessments imposed by the commissioners in such proceedings, upon the ground that the assessments exceeded one-half of the valuation of several of the lots, as made by the assessors the preceding year, or that some of the lots had not been valued at all preceding the assessment.

It was the duty of the persons affected to have appeared before the commissioners in person and interposed their objections.

*First Department, Special Term, November,* 1877.

DEMURRER to complaint. Action to set aside assessment for extending Madison avenue.

*William C. Whitney,* counsel to the corporation, for the demurrer.

*Thomas Allison,* counsel for plaintiff, opposed.

VAN VORST, *J.* — This action is brought to restrain the collection of certain assessments laid upon the plaintiff's land in proceedings for the extension of Madison avenue, from One

Hundred and Twenty-fourth street to the Harlem river, to reduce certain of the assessments in amount, and to have · it adjudged that the assessments upon two of the lots are invalid. The complaint alleges that the plaintiff owns the lots in question ; that the assessments exceeded one-half of the valuation of several of the lots, as made by the assessors or tax commissioners last preceding the assessment, and that two of the lots were not valued at all preceding the assessment.

· The proceedings to extend Madison avenue were taken under and in pursuance of a special act of the legislature, chapter 560, Laws of 1869, amended by chapter 220, Laws of 1872. These acts applied to the proceeding for the extension of Madison avenue, all acts in force at the time of the passage of the principal act, relating to the opening of streets and avenues in the city of New York.

The comprehensive act, chapter 86 of the Laws of 1813, regulating proceedings for opening streets, is thus made applicable to the proceedings for the extension of Madison avenue. That statute has frequently been made the subject of adjudication in the court of appeals. The proceedings of the commissioners are held· to be judicial in their character, subject to review and correction in the supreme court, and in the end become a part of its judgment (*The Mayor, &c., of New York* agt. *Erben*, 38 *N. Y.*, 311). The act expressly states that the report, when confirmed, "shall be final and conclusive as well upon the mayor, aldermen and commonalty, as upon the owners, lessees, persons and parties interested therein, and entitled unto the lands, * * * and also, upon all other persons whomsoever " (*Sec.* 178, *chap.* 86, 2 *R. L.*, 1813). *In the Matter of Commissioners of Central Park* (50 *N. Y.*, 498), per ALLEN, J., in speaking of the effect of the order of confirmation of the report of the commissioners by the supreme court, it is said that the order " cannot be reviewed upon any suggestion of irregularity, mistake or error, either of law or fact."

*In the Matter of Arnold* (50 *N. Y.*, 26), it is said that by

Methodist Episcopal Church at Harlem agt. Mayor.

confirmation by the court, the proceedings became the judgment of the supreme court, conclusive in its character. *Dolan* agt. *The Mayor, &c.* (62 *N. Y.*, 472), holds "that proceedings for such assessments are conducted before the court, and its confirmation of the report of the commissioner is a judgment pronounced upon a full hearing of the parties, and conclusive in its character, as to all questions litigated, or which might have been litigated, in the proceedings."

It is, however, claimed by the learned counsel for the plaintiff that the limitation created by section 7, chapter 326, Laws of 1840, applies to proceedings for opening and extending streets, and that as to two of the lots which had not been valued by the assessors or tax commissioner the commissioners had no power to assess them to any amount, and as to the other lots they could not be assessed beyond half their value as valued by the assessors. It is contended by the learned counsel to the corporation that the act of 1840 does not apply to proceedings for opening streets, but that it is limited to proceedings instituted for grading and paving streets and kindred local improvements. I do not consider it important to decide absolutely whether or not the act of 1840 applies to assessments of the expense of extending Madison avenue among the owners of land benefited by that improvement. Assuming, however, that it does, the answer to the objection of want of jurisdiction to assess the lots of the plaintiff is, that these lots were within the limits fixed by law, rendering the property of adjacent owners liable to be assessed for benefits. The proceedings of the commissioners, duly and legally initiated, were a notice to all persons owning property within the prescribed territorial limits. For a portion of these expenses the lots in question, located within the prescribed limits, were liable to be assessed for benefits.

If there was any error or mistake made by the commissioners with respect to the amounts imposed upon the plaintiff's lots, or if for any special cause they were not liable to be assessed, it was their duty to appear in the proceeding and

interpose the objections so that the error might be corrected in season and the rights of all protected.

I do not think that a person owning land within the limits liable to be assessed who has allowed the confirmation of the report to be made without objection should, after the lapse of years and when it is too late to make any readjustment of the expense, be allowed by action to question it. There was a fitting time for his intervention before the judgment of the court rendered the proceedings of the commissioners final and conclusive. To give favor to such action would, in effect, nullify the provisions of the act of 1813, by virtue of which the judgment is conclusive as to all questions litigated, or which might have been litigated, in the proceedings. The report of the commissioners was confirmed on the 8th day of March, 1873. There is no allegation in the complaint of any surprise, fraud or want of knowledge of the proceeding while pending. The case of *In re the Petition of Second Avenue Methodist Episcopal Church*, and *In the Matter of the Petition of Henry A. Cram*, the opinions in which, in manuscript, have been handed up, are relied upon by the plaintiff's counsel in opposition to the demurrer. But those decisions were not in respect to proceedings for street openings, and the same effect is not given by the statutes to the report of the commissioners or assessors in case of improvements of the nature of those embraced in these actions as prevails with respect to street opening proceedings. Those proceedings do not end in a judgment of the court. The case of *Dolan* agt. *The Mayor, &c.* (*supra*), holds that the judgment rendered upon the report of the commissioners can be questioned for fraud or other circumstances, such as would authorize an action to set aside an ordinary judgment. *In Dobson* agt. *Pearce* (2 *Kern.*, 165) it is said that "any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not avail himself at law but has been prevented by fraud or accident, unmixed with any

fault or negligence in himself or his agent, will justify an interference by a court of equity.

None of these elements exist in this case. The question of jurisdiction of the commissioners, and the court which confirmed their report, may be inquired into (*The Chemung Canal Bank* agt. *Judson*, 4 *Seld.*, 255–259). But there can be no question of the power of the commissioners over the proceedings, nor of the court to confirm and enforce it. There was no total want of jurisdiction, and when a court has jurisdiction it has a right to decide every question which occurs in the cause.

The very question raised here, and about which there is a real contention as to whether or not the provisions of the act of 1840 applied, and relieved the plaintiff in whole or in part, might well have been disposed of by the supreme court; and I think it was the policy of the statutes referred to that this question, as all others affecting persons and interests, brought into the proceeding by the commissioners' report, should have been presented and disposed of before the proceeding was finally closed, so that if any error had been committed there could have been a readjustment that justice might be done to all, and loss to the defendant and others prevented; and it may reasonably be presumed in favor of the judgment that whatever could well be urged against it was seasonably urged. *Interest reipublicae ut sit finis litium*.

I think the demurrer is well interposed, and that there should be judgment for the defendant thereon.