HARMANUS B. HUBBARD, as Executor, etc., Appellant, *v.* H. M. SADLER et al., Respondents.

The act of 1875 (chap. 482, Laws of 1875), giving to the board of supervisors of any county, containing an incorporated city of over 100,000 inhabitants, where contiguous territory has been mapped out into streets and avenues, power to lay out, open and grade the same, as amended

in 1881 (chap. 554, Laws of 1881), authorizes the board of supervisors to provide for the issuing of short-term town bonds, upon which to borrow money to pay awards to land owners, the town to be reimbursed by the local assessment, and in case of a deficiency, by general taxation.

The fact that the act authorized the issuing of long term bonds for certain, special and extraordinary expenditures does not exclude an intent to bestow authority to borrow money on the town bonds for other purposes.

When the Legislature has conferred authority upon a board of supervisors, as to all incidents and details, and the mode of accomplishing a purpose, if the board acts within the scope of the legislative enactment, its action may not be reviewed.

(Argued December 17, 1886; decided January 18, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made September 23, 1885, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial without a jury.

This action was brought originally by Peter Wyckoff, the present plaintiff's testator, to restrain defendants from entering upon certain lands of the plaintiff in the town of New Utrecht, Kings county, and from grading and constructing any road-way or sidewalks thereon.

A proceeding had been instituted under the act chapter 482, Laws of 1875, as amended by chapter 365, Laws of 1880, and chapter 554, Laws of 1881, for the opening of Eighteenth avenue, which was included in the system of streets and avenues as laid out and mapped by the "town survey commissioners of Kings county" under chapter 670, Laws of 1867. An order had been granted therein confirming the report of the commissions of awards and assessments.

The resolution of the board of supervisors of Kings county relating to awards and compensation for lands taken for the the avenue provided for an award of damages, an assessment upon lands benefited, the application of moneys received on the assessment to the payment of awards and expenses, and authorized the supervisor of the town to borrow and to issue the town bonds for such sums as may be necessary to pay the

amount of unpaid assessments, and directed that all sums received by the supervisor in payment of assessments or for lands sold to collect the same, after deducting necessary expenses, should be applied to the payment of the bonds, and it was provided that any deficiency of principal and interest on said bonds should be made a tax on the real and personal estate of the town to be collected with the annual taxes.

*John D. Pray* for appellant. Where public officers are proceeding illegally and improperly, under a claim of right, to construct a road over private property, the court will interfere by injunction to restrain them. (*Mohawk & H. R. R. R. Co.* v. *Archer*, 6 Paige, 83; *Johnson* v. *City of Rochester*, 13 Hun, 285.) No public right or easement was ever lawfully acquired in the plaintiff's land. (Constitution, art. 1, § 6; *Gardner* v. *Vil. of Newburgh*, 2 John. Ch. 162; *People ex rel. Utley* v. *Hayden*, 6 Hill, 359; *Wallace* v. *Karlenoufsky*, 19 Barb. 118; *Chapman* v. *Gates*, 54 N. Y. 132; *Sage* v. *Brooklyn*, 89 id. 189; *In re Mayor, etc.*, 99 id. 577.) The board of supervisors had no power to direct the supervisor to borrow money on the faith and credit of the town and to issue the bonds of the town for the purpose of paying the awards, nor to provide for the payment of such bonds by taxation on the real and personal estate of the town. (Cooley on Taxation, 209; Dillon on Mun. Cor. §§ 469, 470, 610, 617.) No power in boards of supervisors to direct the borrowing of money, and the issue of the bonds in question is to be implied from the powers expressly granted by the acts of 1875 (chap. 482), 1880 (chap. 365) and 1881 (chap. 554). (Cooley on Taxation, 209, 257; *Sharp* v. *Speir*, 4 Hill, 76; Dillon on Mun. Cor. [3d ed.] § 507; *Starin* v. *Town of Genoa*, 23 N. Y. 439, 449; *Van Alstyne* v. *Freday*, 41 id. 174; *Mather* v. *Crawford*, 36 Barb. 564.)

*Wm. Sullivan* for respondents. If the decision of the case at bar does not necessarily involve the determination of

the constitutional question raised by the appellant, it is the duty of the court to refrain from passing upon it. (Cooley's Const. Lim. [5th ed.] 196.)   The plaintiff was a party to the proceeding in the Supreme Court, and, therefore, the adjudications therein are binding upon him, from which it follows that he has been compensated by the deduction of his award from his assessment for benefits.   The constitutional question which plaintiff seeks to litigate in this action could have been litigated and passeed upon in the application for the appointment of the opening commissioners, and hence he is not in a position to raise it in this action.   (*In re Church,* 92 N. Y. 1 ; *Dolan* v. *Mayor, etc.,* 62 N. Y. 472 ; *In re Department of Parks,* 73 id. 560, 565 ; *Pittman* v. *Mayor,* 3 Hun, 370 ; aff'd, 62 N.Y., 637 ; *M. E. Church at Harlem, etc.,* v. *Mayor, etc.,* 55 How. 57 ; *De Peyster* v. *Mali,* 92 N. Y. 262 ; *Pray* v. *Hegeman,* 98 id. 351; *Betts* v. *City of Williamsburgh,* 15 Barb. 255 ; *Rexford* v. *Knight,* id. 627 ; *Genet* v. *City of Brooklyn,* 92 N. Y. 296, 305.)   The appellant was guilty of *laches,* and would have been precluded thereby from maintaining this action, even if his award had exceeded his assessment for benefits.   (*In re Woolsey,* 95 N. Y. 142 ; *Chase* v. *Chase,* id. 373, 379, 380 ; *In re Spuyten Duyvil Parkway,* 67 How. 341 ; *Pryzbylowicz* v. *Missouri R. R. R. Co.,* 3 McCrary, 586.)   The county board may also authorize and direct the town to issue bonds in anticipation of the collection of the opening assessment.   (*In re Church,* 92 N. Y. 1.)   The twenty-ninth subdivision of section 1, chapter 482, Laws 1875, cannot be regarded as an implied prohibition against the issuing of bonds in cases other than those therein specified, but is rather to be construed as a provision measuring and limiting the extent of the power of the county board as to the issuing of bonds in the cases therein specified, or as a provision inserted *ex abundanti cautela.*   (Dillon Mun. Cor. [3d ed.] §§ 117–127 ; *Kelly* v. *City of Buffalo,* 21 Barb. 294 ; 14 N. Y. 356, 375, 376 ; *People* v. *Brennan,* 39 Barb. 522.)

FINCH, J. The constitutional question raised in this case was decided against the views of appellant in the *Matter of Church* (92 N. Y. 1). It is now suggested that a difficulty exists, not then considered, in the alleged fact that the act of 1875 (chap. 482), with its amendments, does not authorize the supervisors to issue bonds in order to· obtain money with which to pay awards to land owners and, inferentially at least, forbids such issue. We did not, in the case cited, discuss that question but practically decided it when we held that the public purse stood behind the awards and guaranteed their payment. The statute, as amended (Laws of 1881), gives authority to the supervisors, as a local legislature, to lay out and construct certain streets and avenues and to provide, by limited or general assessments, for the payment of damages awarded for property taken. Under this authority the supervisors acted. They provided first for an assessment district of property benefited, upon which, as an area of taxation, the cost of the improvement was imposed, but, recognizing its possible insufficiency, further provided that any deficiency of principal or interest upon the debt incurred by the awards should be paid by general taxation. It is the mode of reaching, rather than the substance of this result, which is the subject of criticism. The resolution authorizes the issue of short term bonds, none running longer than six years and some only two, upon which to borrow money for the payment of the awards. The proceeds of the loan were to be at once devoted to such payment and the town to be reimbursed by the local assessments, and in case of their deficiency by general taxation. To effect this result the resolution provides " that any deficiency required to meet the principal and interest on said bonds shall be made a tax on the real and personal estate of the town." It is now argued that a deficiency upon the bonds is all that is provided for, and payment is due to the land owner from their proceeds alone, and if there can be no bonds there can be no payment. But the local legislature authorized explicitly their issue, and if, in doing so, it acted within the scope of the statute, committing to it upon some subjects and within some

limits the powers and duties of a legislature, that is an end of the question. Of course it is not doubted that the State may confer upon a municipal corporation the power to borrow money, if otherwise it did not exist. What it could itself do in laying out, opening and grading streets and avenues, like the one in question, it could authorize the local legislature to do with all its own discretion. It did confer such authority in broad and general terms by the act of 1875 and its amendments. It transferred to the supervisors its own power and authority as to a particular class of streets and avenues to fix a plan for their grades, to lay out, open, grade, construct, close and alter any of them, to "provide" for the estimate and award of damages, for an assessment on property benefited, for the levying, collection and payment of damages, and all other charges and expenses necessary to be incurred. Control over the whole subject, legislative discretion as to all incidents and details and the mode of accomplishing the purpose, was thus in the broadest and most general way conferred upon the supervisors. Providing for assessments for benefit and general taxation of the town for any possible deficiency, they could, as they did, and as was right and reasonable in the interest of the land owner, anticipate the slow collection of such proceeds by borrowing the money needed for payment beyond the collections of the first thirty days, to pay the awards, giving in exchange the obligations of the town running only for the comparatively brief period of reimbursement. Reference is, however, made to subdivision twenty-nine of the act of 1875, which gives authority for the issue of long term bonds not exceeding twenty years for the purpose of building or repairing bridges, purchasing turnpike roads or toll bridges, buying land for a town hall and constructing the same, and enlarging cemeteries, and it is argued that this grant of authority excludes an intention to bestow it in other cases. These are special, and to some extent unusual and extraordinary expenditures, as to which there might possibly have arisen doubt whether the creation of a long term bonded debt was a necessary incident of a general

grant of power. It may not have been needed, but if it was, it seems to have been rather for the purpose of limiting and defining the power of borrowing money which might have flowed from the general grant of authority than of supplying its absence, and cannot by inference forbid the borrowing of money for short periods in anticipation of a tax ordered to be laid for reimbursement. (*Ketchum* v. *City of Buffalo*, 14 N. Y. 356, 376.) Practically the town is authorized to incur the debt to the land owners. It is made responsible for its payment and authorized to provide the necessary means, and through the provision for a general tax, upon failure of the special assessments, becomes as to the land owner the real debtor. We think the grant of legislative power was not exceeded by the act of the supervisors in providing, through a temporary loan, for the prompt and immediate payment of the awards pending the ultimate reimbursement by taxation.

No other question is raised in the case and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.