(3 App. Div. 366.)

ROBERT v. BOARD OF SUPERVISORS OF KINGS COUNTY et al.

(Supreme Court, Appellate Division, Second Department.  April 7, 1896.)

1. COUNTY SUPERVISORS—LEGISLATION—DELEGATION OF AUTHORITY.
    A county board of supervisors, given power of local legislation by Laws 1881, as amended by Laws 1892, c. 289, under authority of Const. art. 3, § 23, in regard to opening, grading, construction, and improvement of streets in the towns of the county, does not delegate its authority, where, by a resolution, providing for opening, grading, and construction of streets, and the levying and collection of assessments therefor, it provides for commissioners to open the streets, and for grading commissioners.

2. SAME—RESOLUTIONS—EMBRACING MORE THAN ONE SUBJECT.
    A resolution of a county board of supervisors, given power of local legislation in regard to opening, grading, etc., streets, is not, because embracing more than one street, within the inhibition of Const. art. 3, § 16, providing that no private or local bill which may be passed by the "legislature" shall embrace more than one subject.

3. SAME—POWER OF LEGISLATION—ORDER OF CONFIRMATION.
    The power of local legislation in regard to opening, grading, construction, and improvement of streets, given a county board of supervisors, does not empower it to give an order of confirmation the effect of a judgment by declaring, in a resolution for opening, grading, and construction of a street, that such order shall have that effect.  Pratt, J., dissenting.

Appeal from special term, Kings county.

Action by Daniel Robert against the board of supervisors of Kings county and another.  From the judgment, plaintiff appeals.  Affirmed.

Argued before PRATT, CULLEN, BARTLETT, and HATCH, JJ. ·

Henry J. Robert, for plaintiff.

James C. Church, for defendants

PRATT, J.  This is an appeal from a judgment dismissing the plaintiff's complaint.  The action was brought to declare invalid certain assessments levied upon plaintiff's property for the opening and grading of certain streets in New Utrecht, and also seeking to enjoin the defendants, as supervisors, from selling such property on account of nonpayment of such assessments.  The plaintiff, so far as appears, lay by while the improvement was being made, and his property brought into the market, and made available for sale, until asked to pay his share of the expense of such improvement, when he seeks to nullify the assessment, and throw the cost upon the public.

The facts are few and simple.  By Const. art. 3, § 23, it was provided that the legislature might, by general laws, confer upon boards of supervisors such powers of local legislation as it might deem proper.  In pursuance of this authority the legislature, by chapter 554 of the Laws of 1881, as amended by chapter 289 of the Laws of 1892, granted to the board of supervisors of the county of Kings powers of local legislation in regard to the opening, grading, construction, and improvement of streets and highways in the county towns of Kings county.  Under this act the board of supervisors of the county of Kings duly passed a resolution providing for the opening, grad-

ing, and construction of the streets in question, and for the levying of assessments for the same, and collection thereof, and the sale by the supervisors for nonpayment. Commissioners were duly appointed, strictly in accordance with said resolution, to open the streets in question. They made their report of awards and assessments which the respective pieces of real estate should bear, which said report was duly confirmed by the supreme court. Grading commissioners were then duly appointed, who made their report, which was also confirmed by the supreme court.

Upon what ground there was any delegation of the authority of the board of supervisors I fail to comprehend. The board of supervisors were authorized to legislate, and, when this power was exercised, the laws passed by them, within their powers, had the same force and effect as if passed by the legislature. The case cited by the appellant, Thompson v. Schermerhorn, 6. N. Y. 92, is not in point. It was held in that case that the statute authorizing the common council of Schenectady to make by-laws and ordinances "to pave, pitch, and level streets within such time and in such manner as they might prescribe," did not authorize the common council to delegate to a city officer or committee authority to determine the manner in which such improvement should be made. It was the common council alone, under the statute, that was authorized to determine the manner in which it should be made. In this case it was the power of legislation that was delegated to the board of supervisors, and not simply an administrative power. The same criticism applies to the other cases cited. This subject of the delegation of power to legislate to the board of supervisors, in pursuance of the powers authorized by the constitution, has been repeatedly before the court of appeals. In re Woolsey, 95 N. Y. 135; In re Church, 92 N. Y. 5; Hubbard v. Sadler, 104 N. Y. 223–228, 10 N. E. 426. It is clear, therefore, that there is no unlawful delegation of power by the board of supervisors.

The same statement applies to the provision of the resolution which provides for the appointment of grading commissioners. It has been the practice for many years for the legislature to pass similar laws authorizing the appointment of local officers by some other local official. Astor v. Mayor, etc., 62 N. Y. 580. In the case of Van Brunt v. Ferguson (special term case, not reported), Judge Cullen wrote as follows:

"The act confers upon boards of supervisors, in express terms, powers not only of administration but of legislation; and the resolution here characterized is one of legislation, within the limits expressed by the general statutes of the state. Its powers of legislation are as broad as those of the legislature itself formerly were; and unless the legislature could not have passed an act conferring upon the town supervisors the appointment of grading commissioners, I cannot see that this resolution is invalid."

Hubbard v. Sadler, 104 N. Y. 223–228, 10 N. E. 426; People v. Board of Sup'rs of Queens Co., 112 N. Y. 585, 20 N. E. 549.

It does not seem, therefore, that the right of the board of supervisors to pass this act, and that it should be treated as an act of the legislature, can be questioned.

The point, raised by appellant, that no notice was given the plaintiff, is answered by the fact that the resolution provided for a legal notice, which was strictly complied with.   See In re Union El. R. Co. of Brooklyn, 112 N. Y. 61, 19 N. E. 664.

The objection that the resolution embraced more than one street, and therefore fell within the inhibition of article 3, § 16, of the constitution, is without merit.   That restriction is limited to acts of the legislature.   Const. art. 3, §§ 14–16;  People v. McCann, 16 N. Y. 58.

The objection that the resolution, referring to the act of 1875, referred to an act that had been repealed, is answered by chapter 458, Laws 1894.

Many of the objections raised by the appellant are answered by the statement that the order of confirmation of these reports has the effect of a judgment, and cannot be assailed collaterally.   By section 11 of resolution No. 6, folio 91, it is provided that the order of confirmation shall have the effect of a judgment.   Upon this point there are a number of authorities.   See In re Department of Public Parks, 73 N. Y. 560, 567;  In re Arnold, 60 N. Y. 26, 28;  In re Union El. R. Co. of Brooklyn, 112 N. Y. 78, 19 N. E. 664.   See, also, Dolan v. Mayor, etc., 62 N. Y. 472.   See, also, Methodist Episcopal Church v. Mayor, etc., 55 How. Prac. 57.

In the last-named case the court, in the opinion, said:

"We do not think that a person owning land within the limits liable to be assessed, who has allowed the confirmation of the report to be made without objection, should, after the lapse of years, and when it is too late to make any readjustment of the expense, be allowed by action to question the validity of the proceedings."

It seems clear that the judgment below was right, and it must be affirmed, with costs.

BARTLETT, J.   I concur in the result, but dissent from the proposition that the board of supervisors could legislate, so as to give the order of confirmation the effect of a judgment.

CULLEN and HATCH, JJ., concur with BARTLETT, J.