JOHN A. LANGEL, Respondent, *v.* ISIDOR BETZ, Appellant.

(Argued December 7, 1928; decided December 31, 1928.)

*Abraham L. Pomerantz* for appellant. A vendor cannot enforce specific performance against the assignee of a vendee, irrespective of what acts are done by the assignee under the contract, short of a novation or an express assumption of the obligations of the contract by the assignee. (*Lisenby* v. *Newton*, 120 Cal. 571; *Mound Valley Vitrified Brick Co.* v. *Mound Valley National Gas & Oil Co.*, 258 Fed. Rep. 936; *Williams* v. *McWhorter*, 218 Pac. Rep. 791; *Comstock* v. *Hitt*, 37 Ill. 542; *Wilson* v. *Beazley*, 186 Cal. 437; *Corbus* v. *Teed*, 69 Ill. 205; *Gross* v. *Thornson's Estate*, 286 Ill. 185; *Cameron Steam Pump Works* v. *Lubbock Light & Ice Co.*, 167 S. W. Rep. 256; *Smith* v. *Kellog*, 46 Vt. 560; *Hugel* v. *Habel*, 132 App. Div. 327.) Neither in logic nor in principle can the holding of the court below be sustained. (*Epstein* v. *Gluckin*, 179 N. Y. Supp. 221.)

*Harry Gittelson* for respondent. Defendant's requests to adjourn closing of title are tantamount to a demand for performance, and consequently he assumed the obliga-

tions of the vendee. (*Epstein* v. *Gluckin*, 233 N. Y. 490; *Merchants' Bank* v. *Thomson*, 55 N. Y. 7; *Page* v. *McDonald*, 55 N. Y. 299; *Day* v. *Hunt*, 112 N. Y. 191; *H. & H. Corp.* v. *Broad Holding Corp.*, 204 App. Div. 669.)

POUND, J. Plaintiff, on August 1st, 1925, made a contract with Irving W. Hurwitz and Samuel Hollander for the sale of certain real property. This contract the vendees assigned to Benedict, who in turn assigned it to Isidor Betz, the defendant herein. The assignment contains no delegation to the assignee of the performance of the assignor's duties. The date for performance of the contract was originally set for October 2d, 1925. This was extended to October 15th, 1925, at the request of the defendant, the last assignee of the vendees. The ground upon which the adjournment was asked for by defendant was that the title company had not completed its search and report on the title to the property. Upon the adjourned date the defendant refused to perform. The vendor plaintiff was ready, able and willing to do so, and was present at the place specified with a deed, ready to tender it to the defendant who did not appear.

The plaintiff as vendor brought this action against the defendant assignee for specific performance of the contract. Upon the foregoing undisputed facts he has had judgment therefor.

The question is: " Can the vendor obtain specific performance of a contract for the sale of real estate against the assignee of the vendee, where the assignee merely requests and obtains an extension of time within which to close title? "

Here we have no novation, no express assumption of the obligations of the assignor in the assignment and no demand for performance by the assignee.

The mere assignment of a bilateral executory contract

may not be interpreted as a promise by the assignee to the assignor to assume the performance of the assignor's duties, so as to have the effect of creating a new liability on the part of the assignee to the other party to the contract assigned. The assignee of the vendee is under no personal engagement to the vendor where there is no privity between them. (*Champion* v. *Brown*, 6 Johns. Ch. 398; *Anderson* v. *N. Y. & H. R. R. Co.*, 132 App. Div. 183, 187, 188; *Hugel* v. *Habel*, 132 App. Div. 327, 328.) The assignee may, however, expressly or impliedly, bind himself to perform the assignor's duties. This he may do by contract with the assignor or with the other party to the contract. It has been held (*Epstein* v. *Gluckin*, 233 N. Y. 490) that where the assignee of the vendee invokes the aid of a court of equity in an action for specific performance, he impliedly binds himself to perform on his part and subjects himself to the conditions of the judgment appropriate thereto. "He who seeks equity must do equity." The converse of the proposition, that the assignee of the vendee would be bound when the vendor began the action, did not follow from the decision in that case. On the contrary, the question was wholly one of remedy rather than right and it was held that mutuality of remedy is important only so far as its presence is essential to the attainment of the ends of justice. This holding was necessary to sustain the decision. No change was made in the law of contracts nor in the rule for the interpretation of an assignment of a contract.

A judgment requiring the assignee of the vendee to perform at the suit of the vendor would operate as the imposition of a new liability on the assignee which would be an act of oppression and injustice, unless the assignee had, expressly or by implication, entered into a personal and binding contract with the assignor or with the vendor to assume the obligations of the assignor.

It has been urged that the probable intention of the

assignee is ordinarily to assume duties as well as rights and that the contract should be so interpreted in the absence of circumstances showing a contrary intention. The American Law Institute's Restatement of the Law of Contracts (§ 164) proposes a change in the rule of interpretation of assigned contracts to give as full effect to the assumed probable intention of the parties as the law permits. The following statement is proposed:

" Section 164. Interpretation of Words Purporting to Assign a Bilateral Contract and Effect of Acceptance of the Assignment by the Assignee.

" (1) Where a party to a bilateral contract which is at the time wholly or partially executory on both sides, purports to assign the whole contract, his action is interpreted, in the absence of circumstances showing a contrary intention, as an assignment of the assignor's rights under the contract and a delegation of the performance of the assignor's duties.

" (2) Acceptance by the assignee of such an assignment is interpreted, in the absence of circumstances showing a contrary intention, as both an assent to become an assignee of the assignor's rights and as a promise *to the assignor to assume the performance of the assignor's duties.*"

This promise to the assignor would then be available to the other party to the contract. (*Lawrence* v. *Fox*, 20 N. Y. 268; 1 Williston on Contracts, § 412.) The proposed change is a complete reversal of our present rule of interpretation as to the probable intention of the parties. It is, perhaps, more in harmony with modern ideas of contractual relations than is " the archaic view of a contract as creating a strictly personal obligation between the creditor and debtor " (Pollock on Contracts [9th ed.], 232), which prohibited the assignee from suing at law in his own name and which denied a remedy to third party beneficiaries. " The fountains out of which these resolutions issue " have been broken up if not

destroyed (*Seaver* v. *Ransom*, 224 N. Y. 233, 237), but the law remains that no promise of the assignee to assume the assignor's duties is to be inferred from the acceptance of an assignment of a bilateral contract, in the absence of circumstances surrounding the assignment itself which indicate a contrary intention.

With this requirement of the interpretation of the intention of the parties controlling, we must turn from the assignment to the dealings between the plaintiff and the defendant to discover whether the defendant entered into relations with the plaintiff whereby he assumed the duty of performance. The assignment did not bring the parties together and the request for a postponement differs materially from the commencement of an action in a court of equity, whereby the plaintiff submits himself to the jurisdiction of the court or from a contractual assumption of the obligations of the assignor. If the substance of the transaction between the vendor and the assignee of the vendee could be regarded as a request on the part of the latter for a postponement of the closing day and a promise on his part to assume the obligations of the vendee if the request were granted, a contractual relation arising from an expression of mutual assent, based on the exchange of a promise for an act, might be spelled out of it; but the transaction is at least as consistent with a request for time for deliberation as to the course of conduct to be pursued as with an implied promise to assume the assignor's duties if the request were granted. The relation of promisor and promisee was not thereby expressly established and such relation is not a necessary inference from the nature of the transaction. When we depart from the field of intention and enter the field of contract, we find no contractual liability; no assumption of duties based on a consideration.

Plaintiff contends that the request for an adjournment should be construed (time not being the essence of the contract) as an assertion of a right to such adjournment,

and, therefore, as a binding act of enforcement, whereby defendant accepted the obligations of the assignee. Here again we have an equivocal act. There was no demand for an adjournment as a matter of right. The request may have been made without any intent to assert a right. It cannot be said that by that act alone the assignee assumed the duty of performance.

Furthermore, no controlling authority may be found which holds that a mere demand for performance by the vendee's assignee creates a right in the complaining vendor to enforce the contract against him. (*H. & H. Corp.* v. *Broad Holding Corp.*, 204 App. Div. 569. See 8 Cornell Law Quarterly, 374; 37 Harvard Law Review, 162.) That question may be reserved until an answer is necessary.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.