LOJO REALTY COMPANY, INC., Respondent, *v.* Estate of ISAAC G. JOHNSON, a Corporation Organized and Existing under the Laws of the State of New York, Appellant.

First Department, November 29, 1929.

*John Jay McKelvey* of counsel [*McKelvey & Kennedy*, attorneys], for the appellant.

*Charles Hollender* of counsel [*John H. Unlandherm*, attorney], for the respondent.

FINCH, J. The question presented by this appeal is whether, in a contract for the purchase of real property where the vendee is to give back a purchase-money bond and mortgage, the vendor may be compelled to accept in place of the vendee any one to whom the latter may have assigned the contract.

The question arises upon an appeal from an order striking out defenses set up in an answer. The complaint is by an assignee

of a vendee to compel a vendor to execute and deliver a deed to the assignee and accept the assignee upon the purchase-money bond and mortgage in place of the original vendee. The vendor, as a defense, claimed a legal right to refuse to perform the contract unless the original vendee went upon the purchase-money bond and mortgage. The learned court at Special Term held this defense invalid.

This was error, since the mere assignability as such of a contract does not carry with it the right to change the terms so as to permit a different maker of the bond and mortgage than provided for by the parties in the contract. The vendor in a real estate contract has a right to rely upon the character of the maker of the bond and mortgage, as well as upon his financial responsibility. To hold otherwise would render it possible for a vendor to have foisted upon him a vendee whose financial responsibility in the case of a deficiency judgment upon foreclosure he would not have accepted. This holding accords with the general rule. The latter is fairly set forth in Corpus Juris (Vol. 5, p. 878), as follows: " It is also a general rule that a party to a contract may not, unless authorized by the other party, either in the contract itself, or otherwise, so assign the contract as to escape liability for the performance of acts or duties imposed upon him by its terms."

In *Epstein* v. *Gluckin* (233 N. Y. 490) Judge CARDOZO, in writing the opinion, assumed that the vendee had a right to have the contract carried out as made by the parties, even to the extent of requiring a purchase-money bond and mortgage by the original vendee in place of cash, if he so desired. That case has been frequently cited as determining that an assignee of a vendee might not only have specific performance to enforce his rights under the contract, but might also compel the vendor to permit him to assume the burdens under the contract in the place of the original vendee. The power of an assignee, with certain exceptions, to enforce the benefits under a contract has always been the law, but it has never been the law that the remedy of specific performance to enforce such rights comprises within it also the right to compel the vendor to change the terms of the contract so as to permit the original vendee to shed the burdens. In *Langel* v. *Betz* (250 N. Y. 159, 162) Judge POUND, writing for the court and referring to *Epstein* v. *Gluckin (supra)*, said: " No change was made in the law of contracts nor in the rule for the interpretation of an assignment of a contract."

In *Arkansas Smelting Co.* v. *Belden Co.* (127 U. S. at p. 387) the Supreme Court of the United States, after holding that the benefits of a contract may be assigned, said: " But every one has a right to select and determine with whom he will contract, and cannot

have another person thrust upon him without his consent. In the familiar phrase of Lord Denman, 'You have the right to the benefit you anticipate from the character, credit and substance of the party with whom you contract.'"

In the highest court of Iowa the precise question here presented has arisen, and the headnote is as follows: "A vendor need not accept a mortgage from the purchaser's transferee, in satisfaction of the purchaser's obligation to give a mortgage, in the absence of acquiescence in the arrangement." (*Hounchin* v. *Salyards*, 133 N. W. 48.)

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to strike out this defense denied, with ten dollars costs.

Merrell and McAvoy, JJ., concur; Dowling, P. J., and Proskauer, J., dissent.

Proskauer, J. (dissenting). An agreement was entered into between the defendant and John A. Moran, Jr., by which the defendant was to sell and Moran to buy certain premises located in New York city. The contract provided: "And the said purchaser hereby agrees to purchase said premises at the consideration of the sum of $11,000 and pay the same as follows: * * * Upon taking title to the premises as hereinafter provided by the execution and delivery of a purchase money bond and mortgage in the sum of $9,000 made to the seller." The contract also contained this provision: "The stipulations aforesaid are to apply to and bind the heirs, executors, administrators, successors and assigns of the respective parties." Moran assigned the contract to the plaintiff, which brought this action for specific performance. The defendant in its answer set up that the contract was not assignable and that it had not consented to an assignment. It further set up as a defense a contention upon which it now also challenges the sufficiency of the complaint. It urges that under the terms of the contract it was entitled to receive a purchase-money bond and mortgage executed by the assignor Moran, that the plaintiff made no tender of such a bond and mortgage, but insisted on its right to execute its own purchase-money bond and mortgage, and that the plaintiff is for these reasons not entitled to a decree of specific performance. At the Special Term these defenses were stricken out.

The contract was clearly assignable and the plaintiff is entitled to maintain an action for specific performance and to succeed therein if it complied with the terms of the contract on its part to be performed. (*Epstein* v. *Gluckin*, 233 N. Y. 490.)

The crucial question is whether under the terms of this contract

the parties intended that the defendant should receive the personal bond of Moran. In my view they did not. As a matter of common knowledge contracts for the sale of real estate are generally and frequently assigned. The parties must be deemed to have had this in mind when they contracted, particularly in view of the recital in the contract that its stipulations were to be binding upon the *assigns* of the parties. Under these circumstances, if the defendant was relying on the personal bond of Moran, it should have inserted in the contract a clause to that effect. The language of the contract is merely that the purchaser is to pay " by the execution and delivery of a purchase money bond and mortgage." There is nothing to suggest that this bond and mortgage was to be executed by the purchaser rather than by his assignee.

We are referred to no authority on this question in the courts of New York. It is significant that the contention urged by the defendant has apparently never before been asserted despite the large number of assigned contracts for the sale of real estate which have been considered by the courts. The Supreme Court of California has, however, decided the precise question (*Montgomery* v. *De Picot*, 96 Pac. 305). There LORIGAN, J., writes: " It seems quite plain from an examination of the contract that the personal financial responsibility of Bradshaw was not a material inducement for its execution. What was really relied upon was a mortgage upon the property for the unpaid portion of the purchase price, and ' a promissory note ' evidencing this indebtedness was to be given. It is a matter of general knowledge that, upon sales of real estate, a mortgage back for a portion of the purchase price is one of the most common methods of dealing in such transactions. The mortgage is the main thing relied on, and when a substantial prior payment, as in this case, is made on the purchase price, the financial responsibility of the vendee, on the note itself evidencing the debt for the balance, is a matter of very little importance to the vendor. And in contracts for the sale of real property, which in terms run in favor of assignees, and which provide for a promissory note and mortgage to secure the balance of the purchase price, the general construction will be that the promissory note is a mere incident to the transaction, and that the principal thing relied on is the mortgage. It is a very easy matter, when reliance is intended to be placed on the financial responsibility of the original vendee, to specify in the contract that, in addition to the mortgage, his personal obligation shall be given. When this is not done, and a mortgage to secure ' a promissory note ' is alone called for, as in the contract here, such provision will be construed as making the giving of a mortgage, not the giving of a note, the material

inducement to the contract; that under such circumstances the obligation is not personal, and may be assigned, and specific performance on proper tender had at the suit of the assignee."

I think this opinion of the California Supreme Court states a correct rule of law which is in accord with the understanding and practice of traders in real estate.

The point here under consideration was not decided in *Epstein* v. *Gluckin* (233 N. Y. 490), as the original vendee was there ready to execute the bond and mortgage. Nor can it be maintained that to permit the assignee to execute the purchase-money bond and mortgage is to vary the terms of the original contract. The question is really one of the interpretation of the original contract. If it is to be fairly construed to impose upon the vendee the duty of executing the bond and mortgage, specific performance could not be decreed unless the original vendee personally performed. On the other hand, if the contract is interpreted, as I think it should be, to the effect that the purchase-money bond and mortgage may be executed either by the vendee or his assignee, the plaintiff would not lose its right to specific performance because the original vendee did not execute the bond and mortgage.

For these reasons the order appealed from should be affirmed.

DOWLING, P. J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.