LEWIS P. SMITH, Respondent, *v.* MORIN BROTHERS, INC., Appellant.

Fourth Department, November 5, 1931.

*George M. Fanning* [*Eugene F. Sullivan* of counsel], for the appellant.

*D. Francis Searle*, for the respondent.

EDGCOMB, J.   On the 11th of July, 1925, the firm of Burch & Co., composed of Howard M. Burch and his wife, entered into a contract with one Clara Caldwell for the erection of a dwelling, including all labor and materials.   The plaintiff, who is engaged in the plumbing and hardware business in the city of Fulton, furnished, at the request of Burch & Co., certain plumbing fixtures in connection with said contract, and he now seeks to recover the value thereof from Morin Brothers, Inc., the defendant in this action.   Plaintiff was successful in the court below.

Defendant is engaged in the lumber business in the city of Fulton. It was not a party to the building contract, and, so far as the record shows, did not come on the scene of action until after that agreement had been executed.   The contractor was short of ready money, and desired to purchase his building material, or a portion thereof at least, from the defendant on credit.   Defendant refused to extend such credit without security.   Accordingly Burch & Co. assigned its contract with Mrs. Caldwell, including all sums due or to grow due thereon, as collateral security for the payment by said contractors of all indebtedness which they then owed, or which they might thereafter owe the defendant, on account of materials furnished for the construction of said dwelling, and for any money loaned, and for all other indebtedness of every kind which was then due, or which might thereafter be owing said defendant from said contractors, until such time as said dwelling should be completed and paid for.   The assignment provided that the defendant would turn over to said contractors any balance due from Mrs. Caldwell in excess of the amount which the contractors owed the defendant.

By the terms of said assignment no duty whatsoever was imposed upon the assignee.   Defendant did not assume the obligations of the assignor, nor did it agree to do anything, except to turn over

to the contractors any balance of the contract price after it had been paid in full for any indebtedness which was owing it by said contractors. Defendant did not promise to sell the contractors any materials, or to loan them any money, or to do anything looking to the performance of the building contract. The assignment simply transferred to Morin Brothers the interest of Burch & Co. in said contract, and the money due and to become due thereon, as collateral security for all indebtedness which said firm owed and might thereafter owe the defendant.

Whatever may be the rule in other jurisdictions, it is well settled in this State that, in the absence of an agreement to the contrary, the assignment of a bilateral executory contract cannot be interpreted as a promise on the part of the assignee to assume the duties and liabilities imposed by the agreement upon the assignor. (*Langel* v. *Betz*, 250 N. Y. 159; *Anderson* v. *N. Y. & H. R. R. Co.*, 132 App. Div. 183; *Adams* v. *Wadhams*, 40 Barb. 225.)

The rule, as stated in section 164 of the American Law Institute's Restatement of the Law of Contracts, that, in the absence of circumstances showing a contrary intention, the assignment of a bilateral contract, wholly or partially executory on both sides, is interpreted as a promise on the part of the assignee to perform the assignor's duties and obligations, as expressed in the assigned agreement, is not the law of this State. (*Langel* v. *Betz, supra.*)

One of two parties affected by a contract cannot, by merely assigning it to a third person, relieve himself of his obligations; nor will the assignee in such case, in the absence of circumstances showing an adverse determination, be held to have assumed the duties which were undertaken by the assignor in the agreement. That is especially true of a contract which has been assigned to a third person as collateral security for an indebtedness of the assignor, as is the case here. It is quite apparent from the instrument itself that the parties intended only to put up this contract, and all sums due and to grow due thereon, as security for all moneys which the assignor owed the assignee, and when such indebtedness was fully paid that the assignee's interest therein should cease.

There being nothing in the assignment itself binding the assignee to perform any of the duties which the assignor had assumed in the original contract, and no express agreement, oral or written, to that effect, we must search the record to see if there are any facts and circumstances from which it can be said that the defendant impliedly agreed to take over the contract, and pay the bills incurred for the erection of the house.

It is the claim of the plaintiff, and this assertion has found favor with the jury, that such an agreement may be inferred from the

conduct of the parties. I fail to find any evidence which warrants such conclusion.

Appellant had no negotiations or dealings with the plaintiff, and never paid him any part of his bill, nor promised him so to do. It is true that Mr. Burch proceeded with the construction of the house, and had entire charge thereof; that the defendant paid Burch fifty cents an hour for the time he spent on the job, Burch insisting that he had to have something to live on while the work was going on; that Burch collected the money from Mrs. Caldwell as it became due, and either turned it over to the defendant, or paid the bills for the materials and labor in connection with the work; that Burch reported to the defendant every Saturday, explaining what work had been done during the week, and that the defendant gave him enough money to pay the workmen; that defendant paid several materialmen or workmen on orders signed by Burch.

To my mind there is nothing in the record which justifies a finding that the defendant was performing the original contract to build the house, much less that it was obligated so to do. Neither do I think that it can be said that Burch was acting as agent for appellant.

The money advanced by defendant to Burch to pay the workmen, and to live on while the house was being erected, was in the nature of a loan, which was secured by the assignment in question.

There is some evidence that the defendant promised Mrs. Caldwell that it would pay plaintiff's bill, but so far as the record shows that was a naked agreement, without consideration, and cannot be made the basis of recovery here. The facts neither constitute a novation (*Ryan* v. *Pistone*, 89 Hun, 78; affd., 157 N. Y. 705; *Izzo* v. *Ludington*, 79 App. Div. 272, 276), nor bring the case within the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268). Furthermore, the trial court did not submit the case to the jury on any such theory. This evidence was received only as bearing on the question of whether in the first instance the defendant agreed to assume responsibility for all bills connected with the construction of the dwelling.

The evidence fails to show any assumption by defendant of the obligations of the contractor relating to the construction of the house in question, or any liability on the part of the defendant to pay plaintiff's bill for materials furnished for said dwelling. That being so, plaintiff cannot recover, and the judgment should not only be reversed, but the complaint should be dismissed.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.