LOJO REALTY COMPANY, INC., Appellant, *v.* ESTATE OF ISAAC G. JOHNSON, a Corporation Organized and Existing under the Laws of the State of New York, Respondent.

First Department, March 18, 1932.

*Charles Hollender* of counsel [*John H. Unlandherm*, attorney], for the appellant.

*John Jay McKelvey*, for the respondent.

SHERMAN, J. On September 30, 1928, John A. Moran, Jr., contracted with defendant for unimproved realty in Bronx county. The purchase price of $11,000 was to be paid as follows: $500 in cash, which was paid at the time of the execution of the contract; and upon the taking of title a further payment in cash or certified check of $1,500, and the balance of $9,000 by the execution of a purchase-money bond and mortgage in that amount.

The date fixed in the contract for the delivery of the deed was November 28, 1928. At the request of the purchaser, the closing of title was adjourned to December 12, 1928. On the day preceding this adjourned date, the purchaser's attorney notified the seller's attorneys that the purchaser had assigned the contract to another client of his. Thereupon the closing was again adjourned, this adjournment being at the request of defendant. A copy of the assignment from Moran to plaintiff was sent by plaintiff's attorney to the seller's attorneys.

Upon the adjourned date, December 18, 1928, the plaintiff's president, with his attorney and a representative of one of the title companies, customarily called a closing attorney, attended at the office of the seller's attorneys prepared to perform and close the title; but the seller refused to convey, whereupon this suit for specific performance was brought by plaintiff, as assignee of the purchaser under the contract.

The evidence is clear that upon the last adjourned date defendant at once took the position that the contract itself was not assignable. Plaintiff's attorney then suggested that the closing be adjourned and he would get Moran to attend at once and sign the bond and mortgage as he was in the immediate neighborhood. Plaintiff's attorney had been in communication with him and knew that he could have Moran present at the closing to execute those documents within a few minutes, and meanwhile the closing could have proceeded with the adjustment of the other details. In a further effort to close the title plaintiff's attorney suggested that title be taken in the name of Moran, the assignor. Defendant, however, refused to convey to either Moran, the assignor, or to plaintiff, his assignee.

The evidence is undisputed that defendant rejected plaintiff as

unacceptable to the seller, and declared that in view of the assignment, it would not now convey to Moran.

Plaintiff tendered a check for $1,500 to cover the cash payment due at closing, and reiterated its readiness to have the bond and mortgage executed as called for by the contract, i. e., by Moran, the original vendee, but defendant maintained its position and declined to grant any adjournment whatsoever. The position so assumed by defendant was unreasonable. The Special Term, therefore, was not justified in holding that plaintiff did not perform. Indeed the record shows that the learned justice below was of the view, at the conclusion of the trial, that the closing had been frustrated because defendant did not wish to perform the contract, and reserved decision merely in order to look into other questions.

During the trial it appeared that the reason for defendant's refusal to convey was that it had given Moran a " low price " and desired him to take the title in his own name. But the contract was assignable, and the purchaser's assignee may enforce specific performance upon the tender of a bond executed by its assignor as a part of the purchase price. (*Lojo Realty Company, Inc.*, v. *Estate of Johnson, Inc.*, 253 N. Y. 579, 580; *Epstein* v. *Gluckin*, 233 id. 490, 493.) The seller could have provided in the contract that the vendee might not assign without its consent, but no such provision was inserted.

It is contended by defendant that plaintiff did not make a sufficient legal tender to put defendant in default. It is undisputed that between December 11, 1928 (when defendant received notice of the assignment), and December eighteenth, defendant did nothing to express its dissatisfaction because the contract had been assigned by Moran. On the contrary, it allowed plaintiff to believe that it was satisfied, for the second adjournment was requested by defendant's attorneys. Notwithstanding the erroneous position taken by defendant plaintiff presented the check for the cash payment due at closing of title and offered to have the bond and mortgage executed by its assignor. It was called upon to do no more under the circumstances.

Defendant could have notified plaintiff that it insisted upon Moran's executing the bond and mortgage and to have Moran present at the closing. It did not do so. Moran testified at trial to his accessibility and willingness to attend and sign those papers. The proposed bond and mortgage were in the possession of defendant's attorneys. The contract provided that these documents were to be prepared by the seller's attorneys and paid for by the purchaser. Under such circumstances, the plaintiff was under no obligation to go to the closing with a bond and mortgage already

drawn. Moreover, time was not of the essence. Plaintiff's request for a brief adjournment to get Moran was entirely reasonable. The defendant's attorneys prepared both stipulations of adjournment, but in neither was time stated to be of the essence. At any rate, defendant could not cause a forfeiture of plaintiff's rights " without notice requiring performance in a specified, reasonable time." (*Myers* v. *DeMier*, 52 N. Y. 647.)

That defendant put itself in default is substantiated by the testimony of defendant's witnesses, as well as by that of the title company's closer. The proof is that by words and conduct defendant waived any more formal tender by plaintiff. (*Higgins* v. *Eagleton*, 155 N. Y. 466, 473.) At trial, defendant produced a deed which had been made out to Moran and executed on November 26, 1928, for the original date of closing. Although consenting to adjournments and aware of the assignment without protest, defendant had failed to have the deed changed accordingly. There is no evidence that any deed was tendered by defendant at the closing. In view of defendant's arbitrary stand, it was unnecessary for plaintiff to make any further gesture in the way of a tender. (*DeForest R. T. & T. Co.* v. *Triangle R. S. Co.*, 243 N. Y. 283, 293; *Strasbourger* v. *Leerburger*, 233 id. 55, 60; *Feist* v. *Block*, 115 App. Div. 211, 214; *Ziehen* v. *Smith*, 148 N. Y. 558, 562; *Selleck* v. *Tallman*, 87 id. 106, 109; *Lawrence* v. *Miller*, 86 id. 131, 137.)

Under the circumstances disclosed here, the fault having been on defendant's part, plaintiff is entitled to the equitable relief sought herein.

The judgment of the Special Term should be reversed, with costs, and judgment directed in favor of the plaintiff, granting specific performance of the contract, with costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff, granting specific performance of the contract, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.