BERTHA B. BUSH, Individually and as Administratrix, etc., of RICHARD C. BUSH, Deceased, Plaintiff, *v.* FRANK BUSH and Others, Defendants.*

Supreme Court, Erie County, March 9, 1934.

*Flynn, Tillou, Phillips & Ward* [*Julius A. Schrieber* of counsel], for the plaintiff.

*Corden T. Hackett,* for certain defendants.

SWIFT, J. This is an action for partition. The plaintiff was married prior to September 1, 1930. Her husband became seized of the property sought to be partitioned before that date. He died intestate subsequent thereto, and the plaintiff, his widow, claims to own his real property as a tenant in common with the defendants. The defendants seek to have the complaint dismissed upon the ground that the plaintiff has no interest in that property other than her right of dower.

Section 190 of the Real Property Law provides that " When the parties intermarried prior to the first day of September, nineteen hundred and thirty, a widow shall be endowed of the third part of all the lands whereof her husband was prior to the first day of September, nineteen hundred and thirty, seized of an estate of

* Affd., 241 App. Div. 912.

inheritance, at any time during the marriage." Concededly, under this statute, the plaintiff is endowed of the third part of all the lands described in the complaint. This section of the law also provides for the abolition of dower in all cases except under the provisions above quoted.

It is the contention of the plaintiff that although there was no jointure or pecuniary provision made for her in lieu of dower and no will, nevertheless she is entitled to elect either to have her dower admeasured or to take as tenant in common, and this claim is based upon section 82 of the Decedent Estate Law which provides: " The shares of the surviving spouse as provided in this article as to any real property are in lieu of any and all rights of dower therein. If the surviving spouse elects to take dower in any real property, such election shall be made in the manner provided in section two hundred and one of the real property law." Plaintiff's claim is that not having elected to take her dower in the lands of her husband, she is one of the owners of those lands as tenant in common.

The Commission which drafted the changes in the law, in its original report to the Legislature, said: " It is intended that inchoate dower rights existing prior to September 1, 1929, shall remain *if* a widow desires to assert them instead of the new share in fee given her under new Section 83 of the Decedent Estate Law." (Leg. Doc. No. 69 [1930], p. 186.) In a note to section 190 of the Real Property Law the Commission said: " But a right of election is given in new Section 82 (Decedent Estate Law) to take dower *in lieu* of the *intestate* share in lands of which the husband was seized prior to September 1, 1930, and in which she was possessed of an inchoate right of dower prior to that date." (Leg. Doc. No. 70 [1928], p. 35.)

From these reports we may read the declared ntention of the Legislature to give to *every* widow in case of her husband's intestacy a share in fee in his real property *unless* she shall elect to take dower therein (if entitled thereto under section 190 of the Real Property Law), and it is for the sole purpose of this election that the right to dower is retained. Under the old law a widow, if her husband died intestate, took dower. She had an election only in case of some provision made for her in lieu of dower. Under the new law if her husband dies intestate she takes a share in fee in his real property *unless* she elects to take her dower. The question before the surrogate in *Matter of Hume* (139 Misc. 327) was answered upon this theory, although in its opinion the court did state that the intention of the Legislature might be " inferred " to be to the contrary.

The plaintiff is a tenant in common with the defendants, and, therefore, the motion is denied.