LEON TAROLLI, as General Property Guardian of GENEVIEVE M. TAROLLI, an Infant, and Others, Plaintiffs, *v.* SYRACUSE INVESTMENT CORPORATION, Defendant.*

Supreme Court, Onondaga County, April 12, 1934.

*Leonard F. Herzog* and *Leon Tarolli*, for the plaintiffs.

*Costello, Cooney & Fearon*, for the defendant.

SMITH, E. N., J. The action is brought by the plaintiffs to recover damages for an alleged breach of a land contract.

On or about the 9th of February, 1928, the General Bond & Apartment Company, Inc., as vendor, entered into a written contract with one William H. Boyle, as vendee, whereby the vendor contracted to sell and the vendee to purchase, for the sum of $2,250, a parcel of land designated as lot No. 284 of Clifford Manor, as shown upon a map filed in the Onondaga county clerk's office. The contract called for a down payment of $562.50, and the further sum of $30 on the first day of each month, beginning March 1, 1928, until the principal sum had been fully paid, with interest.

Upon the full payment of said principal sum, with interest, the vendor contracted to convey to the vendee the premises " by a good and sufficient warranty deed," and the vendor agreed to furnish with the deed an official abstract of title showing said property to be free and clear of all liens and incumbrances, with

* Affd., 241 App. Div. 912.

certain exceptions. The contract contained the following provision: "It is mutually understood and agreed that the foregoing stipulations, conditions and agreements shall apply to and bind the heirs, executors, administrators, successors and assigns of the respective parties hereto."

Attached to the contract there is an assignment, dated May 4, 1929, by the vendee to one Abe Tarolli of all rights, title, interest, claims or demands under the agreement, including the right to receive the deed therein mentioned, "and the said assignee, in consideration of and by accepting this assignment, agrees to the terms and conditions of said agreement, and to make all payments therein agreed to be made by the assignors." The assignment was made subject to the approval of the General Bond & Apartment Company, Inc., which assignment is consented to by said company.

The plaintiffs allege that on or about the 13th of March, 1928, the said General Bond & Apartment Company, Inc., conveyed the premises described to the defendant, which is now the owner thereof, with notice of said outstanding agreement, and that on the 13th of March or April, 1928, the said General Bond & Apartment Company, Inc., duly transferred, assigned and set over the contract involved in this action to the defendant herein. The complaint alleges the aforementioned assignment of May 4, 1929, and the payments after such assignment by said Abe Tarolli, on account of the contract, of all sums due thereon up to June 1, 1932, leaving a balance due at that time of the principal sum of $157.50, plus interest from June 1, 1932; it alleges the death of said Tarolli and the successorship of the plaintiffs under the will of said Tarolli, and that thereafter and in the month of September, 1932, the defendant called the plaintiffs' attention to the existence of the contract and demanded the payment of the balance due on the contract, which amount the plaintiffs tendered, demanding the deed and the abstract, and alleges the refusal of the defendant to give the deed required by the contract. Plaintiffs claim a breach of the contract by the defendant and seek to recover the payments made and other expenses incurred on account of the failure of the defendant to perform its alleged obligation to give "a good and sufficient warranty deed" of said lot.

The defendant moves to dismiss the complaint on the ground that it is under no obligation to carry out the provisions of the contract in reference to the giving of "a good and sufficient warranty deed," and that that obligation is and remains the obligation of the General Bond & Apartment Company, Inc.

It does not appear, from the complaint, whether or not the defendant Syracuse Investment Corporation purchased the whole

tract of Clifford Manor. Whether it did or not is a circumstance; but, so far as this motion is concerned, we have here under consideration the purchase by the defendant from plaintiffs' vendor of only one lot of said tract, subject to the plaintiffs' outstanding contract.

When the General Bond & Apartment Company, Inc., contracted to sell this lot the vendee became the equitable owner of the title to the lot and the vendor held the legal title as security for the fulfilment of the obligations of the contract; the defendant took the title to this lot with knowledge of and it took the title subject to this outstanding contract. But it did more than this; it took an assignment of the contract itself.

Now it would seem that the question whether the defendant is obligated to give the deed hinges upon the question as to whether the plaintiffs could enforce a specific performance of the contract in this respect. Had the defendant simply taken a deed of the property, subject to the contract, without more, an interesting question would have arisen as to whether it could enforce the collection of the balance due on the contract, or, under the circumstances, could have been compelled to give a deed. The situation would have been rather peculiar, under those circumstances, if the vendee and his assignee had continued to make the payments upon an unrecorded contract to the original vendor and had received a deed from it of a piece of property the record title to which was in another. Under those circumstances, in order to clear the record, unless the defendant would have been willing to act, the vendee could have been compelled to take action to remove the cloud upon his title. It is not necessary here to pass upon that question, but I am of the opinion that it would hinge upon the understanding between the original vendor and its grantee. Certainly, in that event, by transferring the title to the property to a third party, subject to the contract, a vendor could not avoid its obligation to give a warranty deed. (*Lojo Realty Co., Inc.*, v. *Estate of Johnson, Inc.*, 227 App. Div. 292; affd., 253 N. Y. 579.) Whether or not, under those circumstances, the defendant Syracuse Investment Corporation could have been compelled to join in the warranty deed is a question not here passed upon and is a question which would depend upon the circumstances of the case; we have not that question here; the plaintiffs are not insisting upon a warranty deed from the General Bond & Apartment Company, Inc.

In the instant case the defendant did something more than to take a deed; it took an assignment of the contract itself, and the contract made its provisions binding upon the heirs, executors,

administrators, successors and assigns of the respective parties; moreover, the defendant received the benefits, to wit, the payments upon the contract.

The defendant, in its motion, relies upon *Langel* v. *Betz* (250 N. Y. 159). In this case our Court of Appeals disagrees with the rules laid down by the American Law Institute's Restatement of the Law of Contracts (§ 164) with respect to the effect of an assignment of a bilateral contract and the acceptance of the assignment by the assignee. This section announces the rule that the mere assignment of a partially executed contract, in the absence of circumstances showing a contrary intention, places upon the assignee the duty to perform the assignor's duties under the contract, and the assignment alone is to be interpreted as a promise by the assignee to the assignor to assume the performance of the assignor's duties. Commenting upon this rule, the Court of Appeals in the *Langel* case says: " The proposed change is a complete reversal of our present rule of interpretation as to the probable intention of the parties. * * * ' The fountains out of which these resolutions issue ' have been broken up if not destroyed (*Seaver* v. *Ransom*, 224 N. Y. 233, 237), but the law remains that no promise of the assignee to assume the assignor's duties is to be inferred *from the acceptance of an assignment of a bilateral contract, in the absence of circumstances surrounding the assignment itself which indicate a contrary intention.*"

Here the contract made provision that it should be binding upon successors and assigns. No such fact existed in the *Langell* case. When the defendant took an assignment of the contract as between it and its assignor, it assumed the obligations of the contract. One of these obligations was to give " a good and sufficient warranty deed." This was not a case where the assumption of the assignor's duties is to be inferred from the mere acceptance of an assignment; the contract itself provided the consequences of the acceptance of the assignment. Furthermore, there are circumstances (such as the receipt of the payments due on the contract and the demand therefor by the defendant) " surrounding the assignment itself which indicate " the intention of the assignment.

Any other construction would defeat all those numerous provisions contained in deeds where the grant is made subject to a mortgage which the grantee assumes and agrees to pay. By the acceptance of a deed a grantee assumes the obligations to the mortgagee without in any wise releasing the obligations of the mortgagor; the grantee becomes the principal mortgagor, and the mortgagor takes the position of a surety.

· There were other circumstances; the defendant received the payments of the money upon the contract, and made demand therefor.

The following would seem to be the law in land contract cases where such contracts are assigned and where vendees in land contracts convey the title to land subject to an outstanding land contract:

(1) Where a vendee of a land contract assigns it to a third party, without any assumption on the part of the assignee of the obligations of the contract, and where the contract itself does not make its terms binding upon the assignee, such assignee assumes no obligations to the vendor. Where, upon the assignment of a contract containing the assumption clause, or, in the absence of the assumption clause in the contract, the assignment itself places upon the assignee the burden of fulfilling the terms of the contract, the vendor has the obligation of the vendee, which still remains; and he also has the obligation of the assignee of the vendee; the vendee remains liable unless by the contract the vendor authorized the assignment or the vendor expressly agrees to accept the obligation of the assignee in the place and stead of the obligation of the assignor-vendee; and the obligations assumed by the assignee may be enforced by the vendor. (*Epstein* v. *Gluckin*, 233 N. Y. 490.) To illustrate: If a contract provides for part payment of the purchase price by a purchase-money bond and mortgage, the vendee could not escape his obligation to give the bond by the assignment, and, unless the vendee's bond were given, specific performance would not be decreed at the instance of the assignee. (*Lojo Realty Co., Inc.*, v. *Estate of Johnson, Inc.*, 227 App. Div. 292; affd., 253 N. Y. 579.)

(2) Where a vendor conveys a parcel of land which he has theretofore contracted to sell by a land contract, and sells it merely subject to the land contract, and does not assign the land contract, and makes no provision in the deed for the assumption of the obligations of the land contract by his purchaser, the purchaser has imposed upon him no obligation further than the removal of the cloud of his deed upon the title; in that event he holds the naked title, subject to the duty of his grantor to carry out the obligations of the land contract.

Where the vendor of a land contract sells the land subject to the obligations of the contract, and provides for the assumption in the deed of his obligations under the land contract by his purchaser, or assigns to his purchaser the land contract which contains the assumption clause, the vendee in the contract does not lose the obligation of the vendor, but there has been added a new obligation, which he may enforce, and " specific performance was available to assignee, as to assignor." (*Epstein* v. *Gluckin, supra.*)

As to both the instance of assignment of a contract by the vendee and the instance of a grant by the vendor to a third party, where

there is no express assumption by the assignee or grantee of the respective obligations of the vendor or vendee in the land contract, the mere assignment of the contract or the acceptance of the grant may not be interpreted as a promise by the assignee or the grantee to assume the performance of the assignor's or grantor's obligations, for the reason that the grantee is under no personal engagement to the vendee and the assignee is under no personal engagement to the vendor; there is no privity between them in either case. While no promise of a naked assignee or grantee to assume the grantor's or assignor's duties is to be inferred from the mere acceptance of the assignment or of the deed, the circumstances surrounding the grant or the assignment may be shown, and may be such as to indicate a contrary intention. (*Langel* v. *Betz*, 250 N. Y. 159.)

It comes, then, to this: What was the intent of the parties in the case of the vendor granting to a third party, or in the case of the vendee assigning his contract to a third party? The intent may be shown by the instruments themselves, or by the circumstances surrounding the transaction.

In the instant case there is no necessity to resort to circumstances; the instruments themselves which are involved in the transactions show clearly the intent; the circumstances only serve to confirm that intent. The plaintiffs here, according to the allegations of the complaint, have fulfilled their part of the contract; they could have demanded specific performance of the contract from the defendant's predecessor in title or from the defendant itself; if they were not satisfied with " a good and sufficient warranty deed " from the defendant Syracuse Investment Corporation, so far as the warranty was concerned, the General Bond & Apartment Company, Inc., could have been compelled to give its warranty deed and the defendant would have been compelled to clear the title, and also, in my opinion, could have been decreed to join in " a good and sufficient warranty deed."

If, then, the plaintiffs are able to show facts as alleged in the complaint which would have entitled them to a decree of specific performance of the contract by the defendant, and if it shall be shown that the defendant breached the contract by refusing to give " a good and sufficient warranty deed," it follows that the plaintiffs would be entitled to recover against the defendant damages resulting from a breach shown.

If the General Bond & Apartment Company, Inc., still held title to the property and had refused to deliver " a good and sufficient warranty deed " upon the payment of the balance due on the contract, the plaintiffs could have resorted to one of two remedies: (1) To an action in equity for specific performance, or (2) to an

action at law for damages. The plaintiffs allege the performance of every duty imposed by the contract. Having made all the payments due, they are entitled to " a good and sufficient warranty deed; " that was the sole end of the contract; to give this deed was the only obligation, aside from furnishing an abstract of title, which the defendant assumed when it took the assignment of the contract.

As between the defendant's predecessor in title and itself, there is no doubt as to the duty imposed upon the defendant by the acceptance of the deed, coupled with the assignment of the contract with the assumption clause in it. The sole question here is, the obligation being absolute so far as the defendant is concerned with respect to its assignee, can the plaintiffs maintain this action for damages as against this defendant?

According to the allegations of the complaint, the defendant refused to give the deed. Suppose, upon such refusal, the plaintiffs had made demand upon the General Bond & Apartment Company, Inc., for the deed and had met the like refusal on the ground that it had parted with the title and could not perform, and that thereupon the plaintiffs had sued the General Bond & Apartment Company, Inc., for damages for breach of the contract; certainly the General Bond & Apartment Company, Inc., could have impleaded the Syracuse Investment Corporation as a defendant in that action, and, upon proper proofs, the damages would have gone against the Syracuse Investment Corporation.

This is not an unusual situation with respect to real estate transactions. All manner of confusion would arise in the event the defendant's contention herein were held to be correct. The assumption of the obligations of the contract by virtue of the assignment thereof to the defendant was intended to inure and did inure to the benefit of these plaintiffs. While the vendor, by its grant of the land and assignment of the contract to the defendant, did not escape any of its obligations to its vendee, it did impose those obligations upon its grantee and assignee; and, according to the principles above announced and the authorities cited, having assumed the duty to perform the obligations of the contract, and having breached the contract by the failure to perform its duty thereunder, the defendant and not the General Bond & Apartment Company, Inc., is the party which should respond in damages.

I am in accord with the view that the doctrine laid down in the case of *Lawrence* v. *Fox* (20 N. Y. 268) is progressive and not retrogressive (*Seaver* v. *Ransom*, 224 id. 233, 240), and am of the opinion that in land contract cases, where obligations have been assumed by a grantee and an assignee of a vendor to carry out the terms

of the contract, such assumption should be construed, with the limitations above noted, as creating an obligation on the part of such grantee and assignee, directly to the vendee and his assigns.

Defendant's motion to dismiss the complaint should be denied, with costs of the motion.

Ordered accordingly.