In the Matter of the Application of CHARLES STAUBER for a Peremptory Mandamus Order against Honorable GEORGE A. LARKIN, as Justice of the Supreme Court, etc.— Motion for a reargument denied; motion for leave to appeal to the Court of Appeals denied.

BERTHA B. BUSH, Respondent, v. FRANK BUSH and Others, Appellants, Impleaded with CHARLES J. GEISLER and Another, Defendants.— Order affirmed, with ten dollars costs and disbursements. All concur. [151 Misc. 196.]

LEON TAROLLI, as General Property Guardian of GENEVIEVE M. TAROLLI, an Infant, and Others, Respondents, v. SYRACUSE INVESTMENT CORPORATION, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. [151 Misc. 634.]

TOWN OF AMHERST, Respondent, v. TIDE WATER OIL SALES CORPORATION, Appellant.— Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event. Memorandum: The pipe line used for the conveyance of gasoline from railway tank cars to the storage tanks of the defendant's filling station was not a nuisance as matter of law where it crossed the village highway. The fee of the road where the pipe line was laid was not owned by the municipality having jurisdiction of the locality. No legislative enactment required a permit as a prerequisite to the construction of such a pipe line in or across a highway of the village where the pipe line was laid at the time it was originally constructed, nor has a permit been made obligatory for the maintenance of such a construction subsequently. The line did not interfere with highway uses; it was not inherently dangerous when in proper repair. An owner of the fee may use the land within the highway limits for any lawful purpose which does not interfere with highway use. (McCarthy v. City of Syracuse, 46 N. Y. 194; Town of Clarendon v. Medina Quarry Co., 102 App. Div. 217; Hubbard v. Sadler, 104 N. Y. 223.) The pipe line in question may have constituted a nuisance, but whether or not that shall be found to be the fact will depend on proof. We reach the conclusion merely that it was not one per se. All concur.

DOROTHY ROEDIGER, an Infant, by PAUL B. ROEDIGER, Her Guardian ad Litem, Respondent, v. GEORGE MILLER and Another, Appellants.— Judgment affirmed, with costs. All concur.

ALICE ROEDIGER, an Infant, by PAUL B. ROEDIGER, Her Guardian ad Litem, Respondent, v. GEORGE MILLER and Another, Appellants.— Judgment affirmed, with costs. All concur.