Shientag, J.
J. B. Kaufman Co., petitioner (hereinafter called “ Kaufman ”), brought this proceeding to compel appellant factor, William Iselin & Co., Inc. (hereinafter called “ Iselin ”) to arbitrate an alleged dispute arising out of the purchase by Kaufman of certain goods from Crest-Tex Mills, Inc. (hereinafter called “ Crest-Tex ”). Iselin was not a party to the con-' tract of sale of the goods made between Kaufman and Crest-Tex. The claim against Iselin is based upon the proposition that, when a seller’s factor receives an assignment of invoices of accounts and of the merchandise covered thereby, that transfer carries with it as matter of law an assignment pro tanto of the contract to which the invoices relate and the assignee becomes bound by the terms of the seller’s agreement with the buyer.
In the instant proceeding the buyer claims that after the merchandise was received and after the invoices had been paid *580 to the factor,,certain defects were discovered and it was found that the goods delivered were not in accordance with the specifications originally agreed upon. Notice of the defect was given to the seller Crest-Tex, to its selling agent, and to the seller’s factor, Iselin. The invoices were paid by the buyer to Iselin, the seller’s factor, in accordance with the billing requirements, and prior to the discovery that the merchandise was defective.
Under the agreement between the buyer and seller, it was provided that “ Any controversy arising under, or in relation to, this contract shall be settled by arbitration.”
The terms under which Iselin received the assignment of the invoices are as follows:
' “ This bill is assigned to and payable only to our factors William Iselin & Co., Inc., 357 Fourth Avenue, New York 10, N. Y., to whom notice must be given of any merchandise returns or claims for shortage, non-delivery or for other grounds.”
' “In consideration of $1.00 and other valuable consideration receipt of which is hereby acknowledged, we hereby sell, assign and transfer to William Iselin & Co., Inc., in confirmation of their title thereto, all our right, title and interest in and to the above stated accounts, invoices numbered to inclusive and in and to the merchandise therein described, and we hereby fully guarantee the validity and correctness of said accounts and due acceptance of said merchandise by the purchasers named without objection or claim.
“ This assignment is made pursuant to the written agreement. ’ ’
On petitioner’s motion, the court at Special Term directed arbitration of the controversy between buyer and seller and factor. The only appellant is the factor, Iselin, who contends that as assignee of certain specific invoices, which were paid before the proceeding began, it is not subject to any claim for defective goods. The factor argues that it had no interest in the contract other than a security interest to cover advances made to the seller of the goods, that as an assignee with merely .a security title it had no duty to perform in relation to delivery of goods of any special quality, and, finally, it claims that the mere assignment of a security title does not bind the assignee to any of the terms of the contract including the provision for arbitration.
The only question to be decided at this time is whether the petition supports a claim, at least prima facie, that Iselin is bound in any respect by the arbitration clause in the contract between the buyer and seller.
*581 The question whether an assignee assumes the duties as well as the rights under an assigned contract was considered at length by the Court of Appeals in Langel v. Betz (250 N. Y. 159, 163). There, the court took up the American Law Institute’s Restatement of the Law of Contracts (§ 164, subd. [2]), which reads as follows: (2) Acceptance by the assignee of such an assignment is interpreted, in the absence of circumstances showing a contrary intention, as both an assent to become an assignee of the assignor’s rights and as a promise to the assignor to assume the performance of the assignor’s duties.”
In referring to this provision of the Restatement the Court of Appeals said: This promise to the assignor would then be available to the other party to the contract. (Lawrence v. Fox, 20 N. Y. 268; 1 Williston on Contracts, § 412.) The proposed change is a complete reversal of our present rule of interpretation as to the probable intention of the parties. It is, perhaps, more in harmony with modern ideas of contractual relations than is the archaic view of a contract as creating a strictly personal obligation between the creditor and debtor ’ (Pollock on Contracts [9th ed.], 232), which prohibited the assignee from suing at law in his own name and which denied a remedy to third party beneficiaries. The fountains out of which these resolutions issue ’ have been broken up if not destroyed (Seaver v. Ransom, 224 N. Y. 233, 237), but the law remains that no piomise of the assignee to assume the assignor’s duties is to be inferred from the acceptance of an assignment of a bilateral contract, in the absence of circumstances surrounding the assignment itself which indicate a contrary intention.”
The court finally took the position that one must consider the dealings between the parties to discover whether the assignee entered into such agreements that it might be said to have assumed the duty of performance of the contract.
Obviously, the mere assignment of an invoice and of the merchandise covered thereby for purposes of securing a loan made by a commercial banker is not a situation in which it may be said that it was the intention of the parties that the factor should assume performance of the basic contract. Since that is all that is here present, we find that there is no showing of the assumption of contract duties by the appellant, Iselin.
We limit our decision to holding that on the present record no case is made out to justify a finding that the factor, under the conditions herein presented, has assumed the duty to arbitrate. This is not a situation where the assignee has taken any affirmative action under the contract to enforce its terms; in such event *582 it is proper to hold that having taken steps to adopt the terms of the contract he had assumed the obligations as well as the rights thereunder (Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76, 81; Matter of Hosiery Mfrs. Corp. v. Goldston, 238 N. Y. 22; Syracuse Plaster Co., Inc., v. Agostini Bros. Building Corp., 169 Misc. 564). Here, no affirmative action having been taken by the assignee, the factor, the situation may be said to be analogous to that present in Langel v. Betz (250 N. Y. 159, supra), Smith v. Morin Brothers, Inc. (233 App. Div. 562), Merchants’ Insurance Co. v. Abbott (131 Mass. 397) and Stephens v. Board of Education (79 N. Y. 183).
The order, insofar as it directs William Iselin & Co., Inc., to proceed to arbitration, should be reversed, with $20 costs and disbursements to the appellant against the petitioners-r esp ondents and the motion to that extent denied.
Peck, P. J., Glewwon, Dobs and Yaw Yoorhis, JJ., concur.
Order, insofar as it directs William Iselin & Co., Inc., to proceed to arbitration, unanimously reversed, with $20 costs’and disbursements to the appellant against the petitioners-respondents and the motion to that extent denied. Settle order on notice.