■ GLADYS S. KLEIN et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 37550.) CHARLES KLEIN et al.,

Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 37551.) — Appeals by the State and cross appeals by claimants from judgments of the Court of Claims which awarded damages for the appropriation, for highway purposes, of lands on both sides of Route 9, which bisects the parcel owned by claimants Klein and Soper and extends along the easterly line of the contiguous parcel owned by claimants Klein and Klein. One appropriated parcel is approximately 20 feet wide and about 1,576 feet long and the other is approximately 30 feet wide and about 1,240 feet long. There were various small structures as well as wire fencing and large trees upon the property appropriated. There was taken, in addition, a permanent easement for protecting sight distances, applicable to a parcel of 3,165 square feet. Treating the appropriations as an entirety, the Court of Claims found the direct and consequential damage to be $8,500, and awarded $7,300 thereof for the Klein and Soper taking and $1,200 for the Klein and Klein taking. A major element of the damage to this rural residential property with its modest improvements was the effect of the appropriation upon the water supply delivered through a pipe running under the highway from a spring easterly of the highway to the house and outbuildings westerly thereof. Upon this appeal, the parties agree that the trial court erred in holding, first, that the appropriation did not affect claimants' right to maintain the pipeline under the highway and, second, that in order to extinguish such right the State would have to make a specific appropriation thereof; and the parties agree, further, that the water supply (as well as a water easement in the case of the Klein-Klein parcel) was cut off by the State's taking, which was of the fee, unlike the taking in *Town of Amherst* v. *Tide Water Oil Sales Corp.* (241 App. Div. 912), upon which the trial court mistakenly relied. (See Highway Law, § 52.) Claimants contend that they should have had an additional award for the damage attributable to the loss of their water supply, but the State asserts that the award was excessive for the direct and consequential damage for which it was intended as compensation and was ample to include additional and adequate damage for loss of the water supply. The award would have to be found excessive for the items of damage comprehended by the trial court's decision, which gave no effect to the loss of water supply; but we find it inadequate compensation for the damages actually proven, when those arising from severance of the water supply are included, as they must be. Award for claim No. 37550 increased to $8,600 and interest and that for claim No. 37551 to $1,450 and interest, and judgments modified accordingly and, as so modified, affirmed, with costs to claimants-appellants. Settle order. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.