■ SALTAIR SHINNECOCK, INC., Appellant, v WILLIAM YARROLL et al., Respondents. (And Another Action.)—In an action, *inter alia,* for specific performance of a purchase option contained in a lease agreement, plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County, entered June 18, 1976, as, in granting specific performance, failed to permit plaintiff to assign its contract right and, among other things, directed it to make certain rent, tax and mortgage interest payments. Judgment modified, on the law and the facts, by (1) adding the words "or its designated assignee" after each reference to the plaintiff contained in the first, second and third decretal paragraphs thereof, (2) adding to the second decretal paragraph thereof a provision that if the purchase-money mortgage is executed by plaintiff's designated assignee, the said assignee, as well as plaintiff, if the Yarrolls so require, will execute a bond in favor of William Yarroll and Betty Yarroll, (3) deleting from subparagraph E of the second decretal paragraph the provision for the payment of interest on the mortgage from September 1, 1975 to the date of closing, (4) adding to the third decretal paragraph thereof, after the words "shall pay to defendant the July and", the words "first week of", (5) adding to the fifth decretal paragraph thereof a provision that plaintiff or its designated assignee may, alternatively, consummate the deal by the payment of $160,000 in cash and (6) deleting the sixth decretal paragraph thereof. As so modified, judgment affirmed, insofar as appealed from, with $50 costs and disbursements to appellant. The prohibition of assignment of the "option" to purchase the demised premises is referable to the provision that the lessee would execute a purchase-money mortgage for the major portion of the purchase price. In other words, the respondent landlords were properly relying upon the character and financial responsibility of their lessee at the time the option was granted. The appellant lessee exercised its option on August 7, 1975, which, though refused recognition by respondents, nevertheless resulted in a bilateral, binding contract of sale. The question at issue now is whether appellant could validly assign that contract right. We hold that it can, on condition that it stand ready to execute a mortgage bond if respondents so require (see *Epstein v Gluckin,* 233 NY 490; *Lojo Realty Co. v Estate of Johnson, Inc.,* 227 App Div 292, affd 253 NY 579; 235 App Div 68, affd 266 NY 670; *Leegar Realty Corp. v Electromatic Mfg. Corp.,* 272 App Div 1069). It should be noted, however, that the record reveals that respondents' insistence upon dealing only with appellant is entirely disingenuous, and is a result of their reliance upon appellant's present financial difficulties to prevent any closing, in which event they could then sell the premises on their own for a much higher price. We further hold that since appellant became a purchaser in possession on the exercise of its option, it is not liable for any rental payments covering the period after August 7, 1975, there being no provision for such continued rental payments, pending the closing, in the parties' agreement; and that Special Term erred in directing that interest on the mortgage commence to run prior to the date of the closing of title. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.